IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                              CRIMINAL NO. 3:24-cr-103-DPG-LGI

JODY OWENS II,
CHOKWE ANTAR LUMUMBA, and
AARON B. BANKS

### UNITED STATES' MOTION FOR A PROTECTIVE ORDER CONCERNING DISCOVERY MATERIAL

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States, through its undersigned attorneys, requests that this Court enter a protective order to govern the disclosure of discovery material in this case. The protective order seeks to protect the disclosure of personal identifiable information, financial information, grand jury testimony and other sensitive witness statements, and would protect the integrity of ongoing criminal investigations related to this case. The government has consulted with defense counsel for all defendants and understands that Mr. Owens and Mr. Lumumba have no objection to the court entering the proposed protective order. Mr. Owens requests to reserve the right to later move the Court to expand the protective order to include the prosecution team as well as the defense. Mr. Banks has no objection to a protective order, but objects to the inclusion of names of witnesses as an additional restriction on public disclosure in motion practice.

Federal Rule of Criminal Procedure 16(d)(1), provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The United States plans to produce or otherwise make available to the defense discoverable material containing confidential and sensitive information relating to the

United States' investigation. This information includes the entirety of witness interviews, grand jury transcripts, and recorded interviews of 3rd party witnesses. If this information were to be publicly disclosed, such disclosure might impede other investigations, substantially impair the privacy of third-party witnesses, and jeopardize the defendants' right to a fair trial. *See, e.g.*, *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) ("The proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings."). Entry of a protective order governing discovery is appropriate to ensure that materials provided in discovery are used only for purposes of litigating this case and not for any other reason, such as releasing sensitive witness statements or law enforcement materials to the media in an effort to influence the potential jury pool.

Moreover, some of the material to be disclosed by the United States will contain sensitive information regarding witnesses, such as personal identifiers, addresses, and telephone numbers. The United States also anticipates that it will provide to the defense a significant volume of financial records, emails, text messages, and tax records, including information concerning third parties. This Court has the discretion to issue a protective order to prohibit unwarranted disclosure of such materials. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."); *United States v. Morales*, 807 F.3d 717, 722-24 (5th Cir. 2015) (affirming denial of defendant's motion to modify a protective order governing discovery).

This proposed order would permit the government to disclose unredacted discovery material to the defense and will enable the government to protect various interests involved in the case, including the defendants' interest in full and efficient discovery. Accordingly, the United

States requests: (1) that a protective order be entered as to all discovery materials provided in this case; (2) that such materials be handled pursuant to the procedures outlined in the proposed order submitted contemporaneously with this motion; and (3) that those materials be disclosed or disseminated only in accordance with the proposed order, unless and until that order is modified by the Court.

WHEREFORE, the United States requests that the Court issue a Protective Order.

Respectfully submitted, December 9, 2024.

| | |
|---|---|
| TODD W. GEE<br>United States Attorney | COREY R. AMUNDSON<br>Chief, Public Integrity Section<br>U.S. Department of Justice |
| */s/ Kimberly T. Purdie*<br>Kimberly T. Purdie (Miss. Bar No.: 104168)<br>Charles W. Kirkham (Miss. Bar No.: 102022)<br>501 E. Court St., Ste. 4.430<br>Jackson, MS 39201<br>Telephone: (601) 965-4480<br>Fax: (601) 965-4035<br>kimberly.purdie@usdoj.gov<br>chet.kirkham@usdoj.gov | */s/ Nicholas W. Cannon*<br>Nicholas W. Cannon<br>Madison H. Mumma<br>Trial Attorneys<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice<br>Tel: (202) 514-8187<br>nicholas.cannon2@usdoj.gov<br>madison.mumma@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all ECF participant(s) of this record.

Dated: December 9, 2024

*s/Nicholas W. Cannon*
Nicholas W. Cannon
Trial Attorney