IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:24-cr-103-DPG-LGI

JODY OWENS II,
CHOKWE ANTAR LUMUMBA, and
AARON B. BANKS

## PROTECTIVE ORDER

THIS MATTER COMES BEFORE THIS COURT on the Government's Motion for Protective Order concerning the disclosure of discovery material to Defendants [49]. Considering the confidential and law-enforcement-sensitive information that may be disclosed to the Defendants pursuant to the Government's discovery obligations, the Government's motion is GRANTED.

IT IS HEREBY ORDERED:

1. Any and all discovery material that the Government produces to the Defendants in discovery shall be reviewed by only (i) the Defendants; (ii) the Defendants' attorney or attorneys of record in this case; (iii) employees or agents of those attorneys; (iv) a photocopying or data processing service to whom it is necessary that the Defendants provide the materials for the purposes of preparation, trial, direct appeal (if any); and collateral attack (if any) of this case; (v) witnesses or potential witnesses; and (vi) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case. No discovery material or copies of any discovery material shall be provided to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court. Nor shall the contents of any discovery material be disclosed, in any other manner, to any individual or entity except as provided in this Order, as has been agreed by the parties, or as further ordered by the Court.

2. The Defendants shall use discovery material and its contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case and for no other purpose whatsoever. No additional copies of any discovery material shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the Defendants or their attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded.

3. The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (1) Social Security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers. *See* Fed. R. Crim. P. 49.1. The parties shall also apply the requirements of Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third-party.

6. Within 60 days following the conclusion of these proceedings, or any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the United States and any duplicates made for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the United States or destroyed by the Defendants, unless the Court (or Government) gives specific written permission for an exception to this requirement.

7. This Order also applies to any and all individuals to whom the Defendants, pursuant to this Order, show or disclose the contents or substance of any material produced to them by the United States. By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits

himself, herself, or itself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

The Court notes that the foregoing Order does not preclude the parties from utilizing discovery material in connection with the filing of pretrial motions. Where pretrial motions or supporting exhibits contain confidential or sensitive information, the parties are encouraged to seek permission from the Court to file said motions or supporting exhibits under restriction.

This, the 5th day of February, 2025.

LAKEYSHA GREER ISAAC
UNITED STATES DISTRICT COURT JUDGE