#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### SOUTHERN DISTRICT OF MISSISSIPPI
#### NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                     **PLAINTIFF**

**v.**                                                            **CRIMINAL NO.:  3:22-cr-00031-KHJ-FKB**

**TORRENCE DONELL MAYFIELD**                                                        **DEFENDANT**

#### MOTION TO DISMISS COUNTS 1, 2, AND 4 OF THE INDICTMENT

COMES NOW Defendant, Torrence Donell Mayfield, by and through undersigned counsel, and files this Motion to Dismiss Counts 1, 2, and 4 of the Indictment, which charges him in Counts 1 and 2 of the Indictment with selling or disposing of ammunition to a person knowing and having reasonable cause to believe that the person had been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of Title 18, United States Code, §§922(d) and 924(a)(2).  Count 4 of the Indictment charges the Defendant with selling or otherwise disposing of a firearm to a person knowing and having reasonable cause to believe that, that person had been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of Title 18, United States Code §§922(d) and 924(a)(2).  Mr. Mayfield asserts that Title 18, United States Code §922(d) is unconstitutional both facially and as applied to him, in light of the United States Supreme Court's decision in *New York State Rifle and Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022); the Fifth Circuit's guidance in *United States v. Rahimi,* 59 F.4th 163 (5th Cir. 2023); *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023); *United States v. Connelly*, Cause No. EP-22-cr-229(2)-KC (W.D. Texas, April 7, 2023); *United States v. Bullock*, Cause No. 3:18-cr-165-CWR-FKB (2023 W.L. 4232309) (S.D. Miss., June 28, 2023); *United States v. Jones*, Cause No. 3:23-cr-74-CWR-LGI (S.D. Miss., January 8, 2024); and *United States v. Sam*, Cause No. 3:22-cr-87-TSL-LGI (S.D. Miss., October 3, 2023).

In support of this motion, Torrence Mayfield presents the following argument:

## I.   FACTUAL BACKGROUND

Mayfield has been charged in a superseding indictment with three (3) counts of violating Title 18, United States Code §922(d).  The indictment citing §922(d) provides:

> It should be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person, including as a juvenile (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.

Mr. Mayfield is not a convicted felon and at the time alleged was under no disability with regard to possessing a firearm.  He has no record of any prior conviction and has been employed for approximately the past 20 years in law enforcement.  The government alleges that on three (3) occasions Mayfield disposed of ammunition and a firearm by transferring same to a person that had been convicted of a crime punishable by a term of imprisonment exceeding one (1) year.  This individual was a cooperating government witness whom the government directed to Mr. Mayfield in an effort to ultimately charge and then squeeze Mr. Mayfield to provide cooperation and information on public officials in Hinds County and the City of Jackson.

## II.   LEGAL STANDARD

The Second Amendment to the United States Constitution protects "the right of the people to keep and bear Arms."  The Supreme Court has held that the Second Amendment "guarantees the **individual** right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).  In the recent United States Supreme Court decision in *Bruen*, the court set out the standard for applying the Second Amendment:

> When the Second Amendment's plain text covers an individual's conduct, the constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's

2

conduct falls outside the Second Amendment's "unqualified command." *Bruen*, 142 S. Ct. at 2129-30.

*Bruen* also rejected the use of means-end scrutiny in Second Amendment cases. Instead, the *Bruen* court ruled that the government must demonstrate that the regulation at issue is consistent with this Nation's historical tradition of firearm regulation. *Bruen*, 142 S. Ct. at 2126. Under the new test, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen* at 2127.

*United States. v. Rahimi*, 59 F.4th 163 (5th Cir. 2023) held that *Bruen* rendered the Fifth Circuit's prior Second Amendment precedent obsolete without qualification. The *Rahimi* court held that "*Bruen* clearly fundamentally changed our analysis of laws that implicate the Second Amendment . . . rendering our prior precedent obsolete." *Id*. at 450-51 (quoting *Bonvillian*, 19 F.4th at 792). Following *Rahimi*, *Bruen's* two-step analysis is applied without resort to the Fifth Circuit's pre-*Bruen* precedent. First, the court must determine whether the Second Amendment's plain text covers an individual's conduct. If so, then the constitution presumptively protects that conduct and the government must justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. *Id.* (quoting *Bruen*, 142 S. Ct. at 2130).

To begin the analysis post-*Rahimi* it is apparent that Mayfield is among 'the people' entitled to the Second Amendment's guarantees. He has no prior felony or other disability restricting his Constitutional right to possess or transfer a firearm or ammunition. Following the Second Amendment's scope, the court must consider whether §922(d) burdens conduct protected by the Second Amendment.

In *Bruen's* second step, the court must consider whether the government has demonstrated that §922(d) "is consistent with this Nation's historical tradition of firearm regulation." 142 S. Ct.

3

at 2126. In this case, the law or regulation at issue deals with the sale or transfer of firearms or ammunition, and not mere possession. At least three (3) district courts have addressed this issue and found that the right to "keep and bear arms" necessarily entails other concomitant rights. Three district courts have concluded that the Second Amendment creates an implied right to "receive" firearms when analyzing Second Amendment challenges under *Bruen*. *See*, *United States v. Simien,* 65 F.Supp.3d 540; *United States v. Hicks*, 649 F.Supp.3d 357*; United States v. Quiroz,* 629 F.Supp.3d 511 (5th Cir. 2022). The *Hicks* court found that "receipt is the condition precedent to possession – the latter is impossible without the former." *Hicks*, 2023 649 F.Supp.3d 357 (W.D. Texas, February 2023). The *Hicks* opinion also noted that if the Second Amendment right was strictly limited to possession, "Congress could throttle gun ownership without implicating Second Amendment scrutiny by just banning the buying and selling of firearms." *Hicks*, 649 F.Supp.3d. 357. As noted in *United States v. Connelly*, 2023 W.L. 2806324 (W.D. Texas, April 2023), there is no Fifth Circuit authority on whether §922(d) falls within the scope of the Second Amendment, and pre-*Bruen* authority from other circuits is split. However, a ninth circuit decision, *Teixeira v. County of Alameda*, 873 F.3d 670 (Ninth Cir. 2017) (*en banc*), felt that the Second Amendment protected the ancillary right to acquire or purchase a firearm, observing that "the court's Second Amendment right to keep and bear arms for self-defense 'wouldn't mean much' without the ability to acquire arms." In fact, citing *Heller* the court found that it would be untenable to permit an overall ban on gun sales because a total prohibition would severely limit the ability of citizens to acquire firearms. *Teixeiria* at 687. As the opinion in *Connelly* succinctly states:

> It follows that excluding §922(d)(3) from Second Amendment scrutiny would create an end-run around the court's holding on the constitutionality of §922(g)(3). The government can simply shift liability from those possessing guns to those providing guns and the right of individuals to acquire firearms would be just as burdened as before.

4

Therefore, the court in *Connelly* concluded that the conduct prohibited by §922(d)(3) falls within the scope of the Second Amendment. *Connelly,* at 28.

**There is no historical tradition of permanently depriving people from exercising their Second Amendment rights with respect to transferring or disposing of firearms.**

The burden at this point is on the government to establish a historical analog to Title 18, United States Code §922(d) as well as §922(g). In short, §922(d) does not withstand Second Amendment scrutiny for much the same reason that §922(g) does not. As noted in the *Connelly* opinion, the laws of prohibition on the sale or transfer of firearms to unlawful users of controlled substances burdens the Second Amendment right of those individuals to nearly the same extent as §922(g)(3). And, as the court found when assessing §922(g)(3), our Nation's historical tradition of firearm regulation does not support placing such a burden on the Second Amendment right. Accordingly, Counts 1, 2, and 4 of the indictment in this case should be dismissed.

Respectfully submitted, this the 11th day of January, 2024.

                                            */s/ Joe M. Hollomon*
                                            JOE M. HOLLOMON (MSB #2551)
                                            ATTORNEY FOR AND ON BEHALF OF
                                            TORRENCE DONELL MAYFIELD

OF COUNSEL:

JOE M. HOLLOMON & ASSOCIATES, P.A.
107 North State Street (39201)
Post Office Box 22683
Jackson, Mississippi 39225-2683
Tel: (601) 353-1300
Fax: (601) 353-1308
Email: jhollomon@outlook.com
           joehollomonlaw@yahoo.com

## CERTIFICATE OF SERVICE

I, Joe M. Hollomon, attorney for the Defendant, do hereby certify that I have this date electronically filed the foregoing pleading with the Clerk of the Court using the Electronic Case Filing (ECF) system, which sent notification of such filing to all counsel of record.

This, the 11th day of January, 2024.

*/s/ Joe M. Hollomon*
JOE M. HOLLOMON