# CARROLL | BUFKIN

Gary Bufkin
601.982.5011
tgb@carrollbufkin.com

*VIA* ELECTRONIC MAIL

November 4, 2025

Nicholas W. Cannon
Trial Attorney
United States Department of Justice
Nicholas.cannon2@usdoj.gov

Kimberly T. Purdie
Assistant United States Attorney
Southern District of Mississippi
Kimberly.purdie@usdoj.gov

    Re:    *U.S. v. Owens, et al.*
              3:24-cr-103-DPJ-LGI

Dear Nick and Kimberly:

    I am writing to request production of all materials relevant to the preparation of Mr. Owens's defenses by no later than November 14, 2025.

    In your letter dated October 14, 2025, which includes the Government's fifth production, you state that additional materials will be produced on a "rolling basis." We believe an open-ended rolling production violates the Court's Order dated August 6, 2025, which granted the Government's request for "a 45-day extension of time *to complete discovery in this case*...." [65] (emphasis added). Pursuant to the Order, the extended deadline expired August 10, 2025. *Id.*

    While I am sympathetic to the challenges presented by large numbers of documents, my colleagues and I cannot adequately prepare Mr. Owens's defenses until the Government completes its production. For clarity, I have listed below Materials we believe should have been included in the Government's first five productions. For the most part, these Materials either are referenced in, or they relate to, materials produced by the Government to date.

    First, based on the Materials previously produced, the relevant time period for the Government's investigation and prosecution of Mr. Owens appears to be November 1, 2017, through the present (hereinafter, "Investigation").

Second, based on the materials previously produced, a number of people were involved in, acted in direct support of, or acted in way that were related to, the Investigation (hereinafter, "Individuals"). Thus far, we have identified 41 of these Individuals, all of whom appear to be Government employees, *e.g.*, FBI Special Agents; contract employees; or confidential human sources (hereinafter, "CHS"). The 41 Individuals identified thus far include:

a. S-00040787
b. S-00079494
c. S-00106076
d. S-00109930
e. S-00111242
f. S-00111831
g. S-0004413
h. S-0011389
i. UCE-9553
j. UCE 8509
k. S-00093992
l. S-00036687
m. UCE-1162
n. S-00116075
o. Agent Tye M. Breedlove
p. Agent James Shearer
q. Agent Brendan Sheehan
r. Agent Daniel Champrey
s. Agent Moline Omar
t. Agent Steven Chambers
u. Agent Lawrence Correll
v. Agent Berta Galicia
w. Agent Amanda Hinton
x. TFO Michael Dixon
y. Agent Jamie Garman
z. Agent Ryan James
aa. Agent Joseph James Ryan
bb. Agent Blaire Toleman
cc. Agent Edgar William Krystof
dd. Agent Hubert Reynolds
ee. Agent Robert Culpepper
ff. Agent Charles Taplin
gg. Hawk Wolinski
hh. Pete Pedvukaj
ii. Omar Ahmed

    jj.    Andy Cutcliff
    kk.    Ray Moore
    ll.    Meghan Kelly
    mm.    Hannah Miller
    nn.    Michael Roberts
    oo.    Polly LNU

For each Individual listed in "a"-"oo," please provide a complete, unredacted copy of the Individual's "personnel file." If other Individuals were involved in, acted in direct in support of, or acted in any way in relation to, the Investigation, but are not identified in the foregoing list, please produce a complete, unredacted copy of each such Individual's personnel file."

For clarity, the term "personnel file" should be interpreted broadly to include any collection of information maintained by the Government in relation to a person affiliated with the Government, regardless of whether the collection of information is called a "personnel file" or something else.

Third, based on the Materials previously produced, as well as our own knowledge and investigation of the facts and allegations, we have identified the following as relevant to the preparation of Mr. Owens's defenses. Accordingly, please provide a complete, unredacted copy of all non-privileged, non-work product Materials, as defined herein, that mention, reflect, or relate in any way, in whole or in part, to the following:[1][2]

1. Jody Owens
2. Each plan, goal, or objective related to the Investigation or Jody Owens.
3. Each communication to, from, or copying an Individual concerning the Investigation or Jody Owens.
4. Each Individual's role in, or in support of, the Investigation.
5. Each Individual's acts related to the Investigation or Jody Owens.
6. Each instance of censure, reprimand, discipline, transfer, demotion, sanction, or supervisory counseling of an Individual.
7. Each internal or external investigation, inquiry, board, or review, whether formal or informal, concerning an Individual or the Investigation.

---

[1] If the Government claims any responsive material is protected from disclosure by the attorney-client privilege, the work product doctrine, or otherwise, please produce a privilege log by November 14, 2025, listing each item, the date the item was created, its author, recipient, all persons copied, and a non-privileged or protected description of the item sufficient for us to evaluate and challenge the Government's claim.

[2] The term "Materials" as used herein is to be construed broadly to include any written, recorded, or graphic material, including electronically stored information ("ESI"), e.g., any document; exhibit; communication; letter; email; message; text message; instant message; What's App, Instagram, and Tik Tok message; voice message; voice memo; any other form of written or recorded information or communication; audio recording; video recording; photograph; image; transcript; plan; directive; report; interview; summary; note; contract; invoice; proposal; memorandum; spreadsheet, and data.

8. Each commendation or recognition, whether formal or informal, of an Individual.
9. Each Individual's training related to undercover operations.
10. Each Individual's training related to alcohol in undercover operations.
11. The training referenced in the "Authorization for Alcohol" dated April 5, 2023.
12. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to undercover operations.
13. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to the use of "contract employees" in undercover operations.
14. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to the use of a "CHS" in undercover operations.
15. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to compensation of "contract employees" or "CHSs."
16. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to "reverse sting" undercover operations.
17. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to alcohol in undercover operations.
18. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to entrapment or inducements in undercover operations.
19. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to budgeting or expenses in undercover operations.
20. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to investigations of elected officials.
21. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to using campaign contributions in undercover operations.
22. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to "speaking indictments."
23. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance related to pretrial publicity.

24. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance applicable to Government prosecutors.
25. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance applicable to Individuals who are or were FBI Special Agents.
26. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance applicable to Individuals who were contract employees.
27. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance applicable to Individuals who were CHSs.
28. Each policy, procedure, ethical standard, directive, memorandum, guideline, or other form of guidance concerning the Government's obligations under *Brady v. Maryland*.
29. Each expenditure in or related to the Investigation.

Fourth, pursuant to the Court's Order dated April 11, 2025, [59], the Government was to produce "all transcripts of relevant audio- and video-recorded communications no later than May 6, 2025." Based on the Government's productions thus far, there appear to be meetings that involved Government agents, but for which there is no recording or transcript. I assume this is because these interactions were not recorded. However, to be sure, please produce a complete, unredacted copy of any and all audio and video recordings, and transcripts thereof, related to the Investigation that occurred on the following dates:

a. May 9, 2022
b. September 19, 2022
c. October 4, 2022
d. December 14, 2022
e. January 9, 2023
f. February 21, 2023
g. April 26, 2023
h. April 27, 2023
i. May 4, 2023
j. May 11, 2023
k. May 26, 2023
l. July 25, 2023
m. July 26, 2023.
n. October 9, 10, and 11, 2023.

Fifth, please produce a complete, unredacted copy of the contents of the "thumb drive" provided to the Government by S-00111831 on, about, or relating to December 6, 2022.

5

Sixth, as we understand the indictment, the Government alleges that "Developer 1 visited Company A's place of business in downtown Jackson," not to investigate Owens, but because Company A "had been recommended to him because of his genuine interest in the products sold at Company A." However, out of an abundance of caution, please produce any and all materials the Government intends to use at trial or introduce into evidence in its case-in-chief, on cross-examination, or in rebuttal to establish that Mr. Owens was predisposed to commit the crimes alleged prior to July 26, 2023.

Seventh, please produce all Rule 404 materials the Government intends to introduce against Mr. Owens, if any. Also, please produce all Rule 404 materials the Government intends to introduce against the other Defendants, so we can determine whether to file a motion to sever on Mr. Owens's behalf.

Eighth, please produce all Materials the FBI considered in concluding that moving the submission date for the Request for Qualification issued by the City of Jackson would constitute an official act for purposes of the crimes alleged, as described in the FBI report titled "Reallocation of Group 1 UCO Budget" dated September 27, 2023. Also, produce all Materials and communications the FBI had with the involvement in the submissions for the RFQ from any entity, including 2K Developments, LLC, and Speed Commercial Real Estate (Speed CRES).

Ninth, the letter dated October 14, 2025, accompanying the Government's most recent production (Production Vol. 5) describes two phone extractions: "CHS ▮ phone" and CHS ▮ phone." The production included what appears to be a complete Cellebrite extraction from ▮ phone, but no extraction from ▮ phone. Instead, a folder was produced containing 16 photographs purportedly from ▮ phone. Please produce a complete copy of the Cellebrite extraction from ▮ phone. Additionally, please reproduce Marve Smith's phone only for the relevant timeframe in Cellebrite form.

Tenth, our copy of Production Vol. 2 produced on March 25, 2025, appears to have become corrupted. I'm told we have been able to access what we believe to be most of the materials, but not everything. Please provide another copy of Production Vol. 2. We will be happy to pay the cost of the additional thumb drive.

Please let me know if the Government is unable or unwilling to produce all Materials relevant to the preparation of Mr. Owens's defenses by November 14, 2025, and, if so, why. My hope is to resolve any discovery issues without Court intervention.

Mr. Owens reserves the right to request additional materials, since the Government's production is incomplete.

I look forward to hearing from you. Of course, please let me know if you would like to discuss any of the foregoing prior to November 14, 2025.

Sincerely,

CARROLL BUFKIN, PLLC

Gary Bufkin