

**U.S. Department of Justice**

Criminal Division

---

*Washington, D.C. 20530*

December 5, 2025

<u>VIA EMAIL</u>

Thomas G. Bufkin
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway, Suite 125
Ridgeland, MS 39157
*Counsel for Jody Owens II*

      Re: Response to Discovery Request from Owens dated November 4, 2025

Dear Mr. Bufkin,

      We write in response to your November 4, 2025 letter requesting the production of certain materials. We consider most of your discovery requests as overbroad, beyond the demands of Rule 16, and/or not in the possession of the United States. Notwithstanding, we remain committed to trying to resolve discovery disputes with you, so please contact us if you would like to discuss any of our specific responses below further.

      In response to your requests, the government provides the following information:[1]

1. The Government does not agree that its investigation into bribery by Mr. Owens commenced on November 1, 2017. Mr. Owens, as the District Attorney for Hinds County, is mentioned in several different contexts and investigations. We have provided further information regarding your specific requests from September 23, 2025, in our response dated November 14, 2025.

2. In this request, you request the "personnel files" for 41 individuals. Many of the individuals you have identified will not be witnesses for the government in the case or are closed confidential sources who are unaware of any of the facts related to the government's investigation and indictment in this case. To the extent that you have requested *Giglio* information for Government witnesses, this information has been provided to you in previous productions, and the government intends to continue to provide *Brady* and *Giglio* pursuant to our discovery obligations and the Court's Orders.

---

[1] In your letter you list ten areas of specific information. We have used bulleted numerals, 1, 2, 3…etc. in the same order as your request in our response.

3. It is the government's position that numerical items 1-5 are overbroad and would require the disclosure of attorney and agent impressions as well as attorney-work product. Moreover, much of this information has been disclosed in discovery provided to you. Concerning the other items, our response to each is below:[2]

    a. (6) and (7) To the extent that this requests Giglio information for testifying witnesses, we are aware of our obligations and intend to provide this information if and when we become aware of it. To the extent that this request seeks information that is covered by the deliberative-process privilege, the government does not intend to disclose that information. *See e.g. In re United States*, 398 F.3d 615, 618 (7th Cir. 2005).
    b. (8) this request is overbroad and overburdensome to the government to collect. Moreover, this request is extremely vague and subjective.
    c. (9) This information is protected generally by the law enforcement privilege. Any agent that served in an undercover capacity during this investigation was a certified undercover employee ("UCE") by the Bureau. We have enclosed publicly available information regarding the FBI's undercover protocol in Government's Production 6.
    d. (10) and (11) request information that is protected by the law enforcement privilege. Below is relevant information concerning the FBI's policy regarding alcohol and drug use by UCE's during Undercover Activities ("UCA's").
    e. Requests (12) through (28) requests information that is vague, overbroad, burdensome on the government to collect, and often is publicly available. *See, e.g.* Justice Manual regarding the Government's obligations under *Brady v. Maryland*.

4. The government has produced all transcripts currently in its possession. The government intends to prepare transcripts for exhibits it intends to use at trial and will provide those on a rolling basis as they become available.

5. A copy of the unredacted "thumb drive" will disclosed in Government Production 6 on Tuesday, November 25, 2025.

6. All of this information has been provided in previous government productions.

7. The United States is in the process of preparing 404(b) notice to all defendants and will provide this information in advance of the motions deadline set by the Court.

8. The government has provided all materials responsive to the first part of this request. The Government is unaware of any communications between any member of the prosecution team (including CHS's and UCEs) and 2K Developments, LLC or Speed Commercial Real Estate.

---

[2] The parenthetical number corresponds to your third discovery request.

9. The only discoverable material contained in both CHS phones were provided in Production No. 5. There was no Cellebrite extractions performed on ▮▮▮'s phone due to the limited number of material relevant to this investigation on the phone. With regards to Marve Smith's phone, we have attached detailed instructions with this response on how to date-scope Mr. Smith's phone within Axiom and are available to walk you through this process if necessary. To reproduce it another format would take considerable time.

10. Please provide a hard drive with at least 2TB of data and we will immediately provide you with an additional copy.

Please do not hesitate to contact us with any questions.

Sincerely,

/s/ *Kimberly T. Purdie*
Kimberly T. Purdie
Assistant United States Attorney
Southern District of Mississippi
(601) 965-4480
Kimberly.purdie@usdoj.gov

/s/ *Nicholas W. Cannon*
Nicholas W. Cannon
Senior Counsel
United States Department of Justice
(202) 514-8187
Nicholas.cannon2@usdoj.gov