**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No.  3:24-CR-103-DPJ-LGI**

**JODY E. OWENS II,**
**CHOKWE ANTAR LUMUMBA, and**
**AARON B. BANKS**

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO RESTRICT**

Defendant Jody E. Owens II, through counsel, hereby opposes the Government's

Emergency Motion to Restrict Pleadings for Violation of Protective Order. [77].

1.      In the title of its Motion [77], the Government alleges that Owens's public

filing [75, 76] was a "violation of [the Court's] Protective Order." [58]. Notwithstanding

this allegation, the Government's Motion [77] alleges no specific violations of the

Protective Order. Indeed, the term "violation" does not appear anywhere in the body of the

Motion.

2.      To bolster its argument, the Government's Motion [77] quotes the Protective

Order but *omits* dispositive language allowing the use of discovery material in pretrial

motions. [77]. The Protective Order expressly states, it "*does not preclude* the parties from

utilizing *discovery material* in connection with the filing of *pretrial motions*." [58]

(emphasis added). Owens's Motion to Dismiss indisputably is a pretrial motion.

3.      The Government takes additional liberties with the Protective Order's

language. In its Motion [77], the Government states that parties are encouraged "to seek

permission from the Court to file motions or supporting exhibits under restriction *when*

*they contain discovery material*, as here." [77] (emphasis added). Contrary to the Government's statement, the Protective Order encourages the parties to seek permission to file under restriction, not when the filings contain "discovery material, but when they "contain confidential or sensitive information." [58]. The misleading modification is material.

4.      The term "discovery material" is far broader than the subset that includes "confidential or sensitive information." Indeed, "discovery material" includes *everything* produced by the Government. The Government, unable to specify any "confidential or sensitive information," attempts to draw all "discovery materials" under the Protective Order's ambit. The misrepresentation is wasted, however, because the applicable provision in the Protective Order merely encourages, and does not require, a party to request permission to file under seal. [58]. Rather, the Protective Order expressly leaves it up to the parties to determine what is "confidential or sensitive information" and whether to seek permission to file under restriction. [58]. Owens does not believe his filings contain unredacted "confidential or sensitive information," as defined in the Protective Order and Rule 49.1. The Government's inability to articulate any specific "confidential or sensitive information" in its Motion [77] supports Owens's conclusion.

5.      In addition to the foregoing, the Government's Motion [77] should be denied for two additional, independent reasons. First, the Motion [77] fails to satisfy the requirements of L.U. R. Civ. 79(e)(3) applicable to motions to seal. Second, the Motion [77] fails to satisfy the Fifth Circuit's requirements for sealing publicly filed documents.

6.      First, the Government's Motion [77] fails to satisfy Rule 79(e)(3), which applies to motion to seal in criminal cases pursuant to L.U. R. Crim. 49.1.[1]

7.      In its Motion [77], the Government argues that public disclosure "might" impede investigations, impair privacy of witnesses, and jeopardize a fair trial. Unspecified allegations of what "might" happen across broad categories of discovery material is insufficient to satisfy Rule 79(e)(3).

8.      Under Rule 79(e)(3), a motion to seal "must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order." The non-confidential memorandum and the proposed order must include: "(A) A non-confidential description of what is to be sealed… (C) A statement of why sealing is necessary, why the specific character of sealing [requested] is most appropriate, and why another procedure will not suffice; (D) [r]eferences to governing case law…; [and] (F) [t]he proposed order must recite the findings required by governing case law to support the proposed sealing." *Id.* The Government's Motion satisfies none of these requirements.

9.      Second, the Government's Motion [77] to seal is grossly overbroad. The Government seeks to conceal Owens's entire Motion to Dismiss [75], all supporting exhibits, and, for some unexplained reason, Owens's Memorandum of law [76]. With such a long reach, the Government's Motion [77] is exactly what it appears to be; a hurried

---

[1] L.U. R. Crim. 49.1 states that L.U. R. Civ. 79 applies to sealing documents.

attempt to ensure the public never sees Owens's allegations of Government misconduct and the supporting evidence. [77].

10.    In support of its Motion [77], the Government cites a single case, *United States v. Miramontez*, for the proposition that "the grand jury system depends upon the secrecy of grand jury proceedings." 995 F.2d 56, 59 (5th Cir. 1993). However, *Miramontez* is inapplicable. In that case, the *government objected* to a defendant's demand for transcripts of grand jury testimony. *Id.* at 57-58. Here, the Government *voluntarily produced* grand jury testimony pursuant to a Protective Order that the Government drafted and that expressly *does not preclude* the use of "discovery material" in public filings. [58] Moreover, Owens Motion does not merely cite to grand jury testimony, but to grand jury testimony that reveals the Government solicited false testimony from the FBI. These are distinguishing facts, to say the least.[2]

11.    In the Fifth Circuit, public filings become part of the "judicial record." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418-19 (5th Cir. 2021). The public has a presumptive "right of access" to judicial records. *Id.* at 418-19. Indeed, "[t]he public's right of access to judicial proceedings is fundamental." *Id.* at 418. "Judicial records belong to the American people; they are public, not private, documents." *Id.* at 417.

12.    To protect the public's "right of access" to judicial records, the Fifth Circuit applies a "stricter balancing test," which requires more than mere "good cause" to seal public documents. *Id.* at 419 (citing *Vantage Health Plan v. Willis-Knighton Med. Ctr.*,

---

[2] Even so, Owens, out of an abundance of caution, redacted the names of all confidential informants/agents within the testimony.

913 F.3d 443, 451 (5th Cir. 2019)). Before deciding, courts "must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interest favoring nondisclosure.'" *Id.* at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)). Under this Fifth Circuit's test, "the working presumption is that judicial records should *not* be sealed." *Id.* (citing *Vantage*, 913 F.3d at 450) (emphasis added). This "presumption reflects the facts that '[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view.'" *Vantage*, 913 F.3d at 450 (alterations in original) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)). The decision is left to the Court's "sound discretion," which should be "exercised in light of the relevant facts and circumstances of the particular case." *Id.* (quoting *Nixon v. Warner Communs, Inc.*, 435 U.S. 589, 599 (1978)). However, the Fifth Circuit cautions that "courts should be *ungenerous* with their discretion to seal judicial records." *Binh*, 990 F.3d, at 418 (emphasis added).

13.     In its final parting shot at Owens, the Government accuses Owens of making his public filings, not "for purposes of litigating this case," but to release "sensitive witness statements or law enforcement materials to the media in an effort to influence the potential jury pool."[3] Reasonable minds may differ, perhaps, but if Owens's 70-page Motion to

---

[3] A rather hollow allegation considering the Government's 32-page "speaking indictment."

Dismiss [75], 47 exhibits, and 35-page Memorandum [76] do not convince the Government that Owens is "litigating this case," then nothing will.

14.    In sum, Owens did not violate the Protective Order. Indeed, the Government's Motion [77] does not even satisfy the threshold requirements of Rule 79(e)(3), much less the strict Fifth Circuit test to "permanently" seal from public view Owens's Motion [75], all supporting exhibits, and his Memorandum [76].

Owens respectfully requests that the Court deny the Government's Motion [77]; vacate its Text Order temporarily sealing Owens's Motion [75], supporting exhibits, and Memorandum [76]; and grant all other relief the Court may deem appropriate.

Respectfully submitted,

JODY E. OWENS, II

By his attorneys,

CARROLL BUFKIN, PLLC

/s/ Gary Bufkin

_____

By: Gary Bufkin, MSB# 10810
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway, Ste 125
Ridgeland, MS 39157
(601) 982-5011
tgb@carrollbufkin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provides notice and a copy to all counsel of record.

Dated: January 14, 2026

/s/ Gary Bufkin
_____
Gary Bufkin, MSB# 10810