UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                          CRIMINAL NO. 3:24-CR-103-DPJ-LGI

JODY E. OWENS II, ET AL.

ORDER

This Order addresses the Court's January 13, 2026 Text Order temporarily restricting certain documents from public view and establishes a procedure for resolving future requests for redaction.

I.      Background

On January 12, 2026, Defendant Jody E. Owens II moved to dismiss [75]. That night, the Government filed an emergency motion seeking an order permanently restricting Owens's filings from public view or "temporarily restrict[ing] the pleadings while the parties litigate whether redacted versions should be filed." Gov't's Mot. [77] at 2. The Court granted the alternative request in this Text Order:

> The Court grants the Government's alternative request for a temporary order restricting Motion to Dismiss 75 and exhibits attached thereto and Memorandum in Support 76. The Court anticipates that there may be portions of these docketed items that should not be restricted from public view. But to maintain the status quo, the information will be restricted until the parties have had an opportunity to brief the issues.

Jan. 13, 2026 Text Order.

Though the Court's Order terminated the Government's motion, Owens still filed a response on January 14, see Def.'s Resp. [78], which prompted a discussion among the parties over the proper way to address what should be restricted. On February 11, 2026, the Court conducted a Zoom conference to discuss these issues. All parties were represented by counsel.

Based on that discussion, a general agreement was reached. To begin, the parties recognize that this Court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and footnotes omitted). When applying that test, there is a "working presumption . . . that judicial records should not be sealed." *Id.*

Such a review will take time, so a temporary restriction is appropriate to maintain confidentiality for any information that must ultimately remain sealed. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 n.1 (4th Cir. 1984) ("The court may temporarily seal the documents while the motion to seal is under consideration so that the issue is not mooted by the immediate availability of the documents.").

The parties have agreed that the most expeditious way to review the need for redaction is to file any future documents related to Owens's motion to dismiss [75] under restricted status. Leave to do so is hereby granted. So too, any motions to dismiss from the other Defendants (and related filings) must be filed under restricted status.[1]

Once a motion subject to this Order is fully briefed, any party wishing to seek redaction must circulate a proposed redacted version of the documents to all other parties within two weeks. The parties will then have one week to confer. At the end of that week, the party seeking redaction must file a motion to restrict and attach the proposed redactions. The motion should state which redactions are opposed and why each redaction is proper (with reference to relevant rules and case law). These motions/briefs to file under restricted status should not be filed under

---

[1] The Government requested permission for all parties to electronically file the restricted documents. That request is granted, but the Court will need to create new events in CM/ECF to allow it. The Court will provide that information to the parties when the system is available.

restricted status unless leave is first requested and granted.  Briefing of motions to file under restricted status will follow the standard deadlines under the Uniform Local Rules.[2]

The Court notes that even if the parties agree to redactions, the Court must ultimately decide whether each redaction is appropriate.  *See Binh Hoa Le*, 990 F.3d at 419 (noting that "judges, not litigants must undertake" the review (cleaned up)).  Thus, when the parties submit an issue, the Court will need unredacted copies to compare.  The unredacted versions must be filed under restricted status.

IT IS, THEREFORE, ORDERED that the January 13, 2026 Text Order will remain in place until further order.

ORDERED that any future filings related to Motion [75] must be filed under restricted status.

ORDERED that any similar motions filed by other Defendants (and related documents) must be filed under restricted status.

ORDERED that within two weeks of final briefing for any motion covered by this Order, any party seeking redaction must circulate proposed redactions (if any) to all parties.  The parties will then have one week to confer and file motions to file under restricted status.  Such motions will not be restricted unless leave is requested and granted.  If a party files a motion to file under restricted status, they must attach the proposed redactions, identify any agreed-to redactions, and explain why each redaction should be made.  Briefing of the motions to file under restricted status will follow the deadlines under the Uniform Local Rules.  If no party seeks to have a

---

[2] If more than one party seeks redactions on the same document, the parties may discuss the most efficient way to present that issue to the Court and recommend amendments to this Order if it does not adequately address that possibility.

document redacted, then the Court will lift the restrictions outlined in this Order and the January 13, 2026 Text Order as to that document without further notice.

ORDERED that the parties must provide the Court with unredacted copies so it can independently review all requested redactions. The unredacted versions must be filed under restricted status.

**SO ORDERED AND ADJUDGED** this the 17th day of February, 2026.

*s/ Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE