IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:24-cr-103-DPJ-LGI

JODY E. OWENS II,
CHOKWE ANTAR LUMUMBER, and
AARON B. BANKS

## PROTECTIVE ORDER

Upon the Government's *ore tenus* Motion for Protective Order pursuant to Federal Rule of

Criminal Procedure 16(d)(1), the Court finds that good cause has been established to enter a

Protective Order concerning the use, dissemination, and disposition of certain information that has

been or will be disclosed as discovery in this case.[1] After due consideration, it is ORDERED that

the motion is GRANTED.

It is further ORDERED as follows:

1.     "Protected Discovery Material" is any potential evidence disclosed to the

defendants by the Government.

2.     The defendant's counsel shall, as to each defendant they represent:

a. Use the Protected Discovery Material only as necessary to represent the defendant in this case and shall not be disclosed in any manner whatsoever, to anyone for any other purpose, without modification of this Order, except as set forth in Subparagraph 2b., and Paragraphs 4 and 5 below;

b. Acknowledge that the defendant understands the sensitive nature of this discovery, that it should not and will not be shared with anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

---

[1] The Court notes that the order is unopposed by the Defendants, as counsel for each advised, via email, there is no objection to the proposed order.

c. Not leave the Protected Discovery Material in the control or custody of the defendant or any person who is not a professional member of the defense team;

d. Limit the defendant's access to electronically stored discovery so that the defendant cannot print, download, or otherwise retain any Protected Discovery Material; and

e. Collect and return to the Government all paper and electronic copies of any Protected Discovery Material at the conclusion of this litigation or, alternatively, destroy those items and confirm their destruction to the Government.

3. Protected Discovery Material may be subject to redaction before documents can be used in open court or a public filing. This order does not affect the redaction requirements for materials filed with the Court in compliance with Federal Rule of Criminal Procedure 49.1. Such redaction is still required.

4. The procedures for use of the Protected Discovery Material during any hearing or trial shall be determined by the Court in advance of the hearing or trial. No party shall file (except under seal or restricted access, in accordance with the Court's Rules) or disclose Protected Discovery Material in open court without prior consultation with the Court.

5. Persons accepting disclosure of the Protected Discovery Material pursuant to the terms of this order shall be deemed to submit themselves to the jurisdiction of the Court for purposes of the enforcement of this Protective Order. Any person having access to the Protected Discovery Material shall be informed that it is confidential and subject to a Protective Order by this Court. Counsel for the parties shall take reasonable steps to ensure that individuals in their employ and persons mutually authorized by all counsel to examine the Protected Discovery Material comply with this Order.

**SO ORDERED** on May 11, 2026.

/s/LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE

2