**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                          **Case No.  3:24-CR-103-DPJ-LGI**

**JODY E. OWENS II,**
**CHOKWE ANTAR LUMUMBA, and**
**AARON B. BANKS**

### JODY OWENS'S OMNIBUS MOTION *IN LIMINE*

Defendant, Jody Owens, through undersigned counsel, respectfully moves to exclude all evidence and arguments that are irrelevant, inflammatory, or more prejudicial than probative under Federal Rule of Evidence 403.[1]

### Introduction

The Government argues it had no reason to expect Owens would commit bribery before July 26, 2023, yet months earlier FBI agents went looking for a way to infiltrate Owens's Cigar Shop to "get something" on Owens. The FBI first looked to ▮▮▮▮▮▮ ▮▮▮▮▮▮ who had "access" to Owens and was familiar with the Cigar Shop. When ▮▮▮▮▮ didn't pan out, the FBI turned to one of its undercover agents. The agent infiltrated Owens's Cigar Shop on July 26, 2023, posing as a wealthy developer pitching a bogus desire to revitalize the City of Jackson. That night, the undercover agent met Owens and agreed to meet again several weeks later.

---

[1] Owens filed a Motion to Dismiss for Outrageous Government Conduct and Entrapment as a Matter of Law, which encompasses all pending charges against him. *See* Dkt. No. 75. Owens moves *in limine* without waiver to comply with the Court's motion deadline.

1

On August 14, 2023, the second meeting occurred. The FBI agent met Owens and several Jackson businessmen interested in developing projects in downtown Jackson. As the meeting progressed, the agent's platitudes about revitalizing downtown Jackson gave way to a series of increasingly aggressive criminal overtures. In response, Owens demonstrated reluctance, if not outright rejection and ultimately ended the meeting.

Confronted with Owens's resistance, reluctance, and rejection, one would have expected the Government to move on and investigate elsewhere. Instead, the Government launched a two-month inducement campaign to break down Owens's resistance, overcome his reluctance, and elicit allegedly incriminating statements. As part of this campaign, the Government purchased and served Owens vast amounts of alcohol in private locations to ensure overconsumption. Once the Government had Owens swimming in the "oil of conversation," FBI agents peppered Owens with suggestive prompts hoping to elicit allegedly incriminating statements. In many FBI recordings, Owens is audibly wasted. Numerous FBI photographs show Owens either incoherent or completely passed out.

The Government's intense desire to "get something" on Owens goes far beyond an "investigation," as that term is commonly understood in the United States. The Government did not suspect Owens of bribery. In fact, the Government concedes it "did not anticipate" that Owens would become involved in bribery.[2] Yet, the FBI manufactured an alleged bribery scheme and lured Owens by disguising it as a business venture to revitalize Jackson. Once Owens was against the side of the boat, the FBI attempted to haul

---

[2] Dkt. No. 88 at 22.

him in by systematically drugging him with alcohol and inducing him for months to overcome his reluctance, induce his participation, and elicit allegedly incriminating statements from him.

Owens moves *in limine* to exclude all statements: that are derived from the Government's strategic use of alcohol and other inducements; that do not relate to the bribery scheme; that misquote or mischaracterize the facts; and that are more prejudicial than probative. For example, Owens moves *in limine* to exclude the following:

1.      In the Indictment on Page 6, ¶ 23, Government alleges Owens touted his "influence" and "ability to purchase the support of public officials in the City of Jackson." Owens is an elected official and, like all elected officials, Owens certainly has influence. However, influence is not bribery. In fact, influence makes bribery unnecessary. See, e.g., the privately funded American political system. Owens allegedly offered to "give" the developers the support they wanted for their project. Owens did not offer to "purchase the support of public officials," nor did he need to. Influence is not bribery, nor are Owens's alleged statements relevant to bribery. The Government's statements seeking to characterize Owens are far more prejudicial than probative, if they have any probative value at all. They certainly will be confusing to the jury.

2.      In the Indictment Page 6, ¶ 24, Owens again touts his influence but makes no mention of bribery. The Government seeks to disparage Owens by impugning his commitment to his job as district attorney, which has nothing to do with the Government's bribery allegations. The statements in ℙ 24 have no probative value to the charges and certainly no probative value sufficient to overcome their unfair prejudice to Owens.

3.     In the Indictment Page 7, ¶ 27, as with ¶¶ 23-24, the statements attributed to Owens do not relate to bribery. Owens again touts his influence, which is irrelevant to the Government's bribery scheme. The statements make no mention of bribery or past bribes. The Government seeks to convict him based on generalized statements concerning his influence that have nothing to do with bribery. These statements have no probative value to the charges but would be highly prejudicial to Owens and confusing to the jury.

4.     In the Indictment Page 7, ¶ 28, the Government seeks to mischaracterize the hotel project as Owens's idea. This is a misrepresentation intended to mislead the jury. The FBI identified the hotel project as the object of its bribery scheme long before it induced Owens to assist with the project.

5.     In the Indictment Page 7, ¶ 28, the Government seeks to mislead the jury by creating the impression that the RFQ had value when it did not. The Government implies that the RFQ was essential to "obtaining the downtown development project," which is untrue.

6.     In the Indictment Page 7, ¶ 28, the Government alleges Owens discussed paying City Council members. However, the word "paying" does not appear anywhere in the quoted language. The quote is a drunken rant that is not probative of bribery. Any probative value is far outweighed by the risk of unfair prejudice. The Government seeks to inflame the jury by associating Owens with "addicts," "blow," and "blunt," "a kilo of coke," and a "motherfucking pound of weed," when they are unrelated to bribery and there is no evidence that Owens ever engaged in any of these things.

7.      In the Indictment Page 8, ¶ 29, the Government alleges that Owens made statements concerning "cows," "cars," "drugs," etcetera. Banks was running for Mayor and asked the developers for a campaign contribution. The developers expressed a desire to support Banks. According to the statement in the indictment, Owens commented regarding the amount. However, the Government does not quote other portions of the recording discussing the unlikelihood that Banks will win the race, which is a consideration for any campaign contributor. None of the statements in this paragraph is relevant to the Government's bribery charges. The statements do not mention the hotel project, votes, or any quid pro quo and are not probative of bribery. The Government included these alleged statements to inflame the jury. Whatever probative value they may have is far outweighed by their prejudicial effect.

8.      In the Indictment Page 9, ¶ 33, the Government purportedly quotes a drunken rant that references "blood diamonds in Africa," "dope boy money," and other statements with no probative value in relation to the charges. Any probative value is far outweighed by the inflammatory quote's unfair prejudice.

9.      In the Indictment Page 12, ¶ 43, the Government purportedly quotes a statement regarding "a million dollars in cash," and how foreign that is to "regular people." There was no safe at the DA's office, nor was there a "million dollars in cash." Moreover, the statements are the product of Government inducement including alcohol and are irrelevant to the charges alleged. There is no reference to bribery, the hotel project, votes, or a quid pro quo. The Government included these statements to inflame the jury and potential jurors and to unfairly prejudice Owens.

**Relief Requested**

For the foregoing reasons, the Court should enter an order *in limine* precluding the Government from using or referencing the above-referenced materials or any statements therein in the presence of jurors or potential jurors including during voir dire, opening, its case-in-chief, cross-examination, or closing argument.

Respectfully submitted,

JODY E. OWENS, II

By one of his attorneys,

CARROLL BUFKIN, PLLC

/s/ *Luke Whitaker*
By: Luke Whitaker
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway, Ste 125
Ridgeland, MS 39157
(601) 982-5011
lwhitaker@carrollbufkin.com


Warren Gary Kohlman
*Pro hac vice*, DC Bar No. 177527
(202) 497-4468
gwkohlman@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provides notice and a copy to all counsel of record.

Dated: February 27, 2026

/s/ *Luke Whitaker*
By: Luke Whitaker