IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                         **Case No.  3:24-CR-103-DPJ-LGI**

**JODY E. OWENS II,**
**CHOKWE ANTAR LUMUMBA, and**
**AARON B. BANKS**

### JODY E. OWENS II'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE INADMISSIBLE HEARSAY

Defendant Jody E. Owens II, through counsel, hereby opposes the Government's

Motion to Exclude Inadmissible Hearsay. [90].

**1.      A Defendant's Out-of-Court Statements are Not Per Se Inadmissible when Offered by the Defendant**

In its Motion, the Government announces its intent to play undercover recordings

at trial. These recordings include conversations between Government agents and Owens.

At the same time, the Government seeks to categorically prohibit Owens from playing the

same recordings by arguing that Owens's "out-of-court statements—when offered by

him—are pure hearsay."[1] In making this argument, the Government misstates the hearsay

rule by omitting the second element of the rule – the "truth of the matter asserted."

An (1) out-of-court statement, (2) offered "to prove the truth of the matter asserted

in the statement" is hearsay. Fed. R. Evid. 801(c). However, a statement is not hearsay

when offered for any purpose other than the truth of the matter asserted.

---

[1] Dkt. 90, Govt. Motion to Exclude Inadmissible Hearsay, at 3.

Common non-hearsay purposes include statements offered to show the effect on the listener;[2] the declarant or listener's knowledge, notice, or state of mind;[3] to explain subsequent conduct;[4] or to provide context.[5] *See also United States v. Cantu*, 876 F.2d 1134, 1137-38 (5th Cir. 1989) ("If the significance of a statement 'lies solely in the fact that it was made,' rather than in the veracity of the out-of-court declarant's assertion, the statement is not hearsay because it is not offered to prove the truth of the matter asserted." (quoting *United States v. Bobo*, 586 F.2d 355 (5th Cir. 1978))).

Even when offered for the truth of the matter asserted, statements showing the declarant's then-existing state of mind (such as motive, intent, or plan) fall under an exception to hearsay. Fed. R. Evid. 803(3); *Mutual Life Ins. Co. of New York v. Hillmon*, 145 U.S. 285, 296 (1892) ("Wherever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings are original and competent evidence.").

Where the defendant's state of mind is a "relevant issue in the case," his statements evidencing his state of mind are not barred by the hearsay rule. *United States v. Burton*, 275 F. App'x 332, 336 n.2 (5th Cir. 2008) (quoting *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 279 (5th Cir. 1991)). Given that the charges against Owens involve alleged acts of bribery, Owens's specific intent is particularly relevant; indeed, central to his defense. *See*

---

[2] *United States v. Reed*, 908 F. 3d 102, 120 (5th Cir. 2018).

[3] *I.F. v. Lewisville Indep. Sch. Dist.*, No. 4:14CV359, 2016 U.S. Dist. LEXIS 186671, at *21 (E.D. Tex. Dec. 1, 2016) (first citing Fed. R. Evid. 801(c); and then citing *United States v. Obregon-Reyes*, 507 Fed. Appx. 413, 424 (5th Cir. 2013)).

[4] *United States v. Bright*, 630 F.2d 804, 815 n.18 (5th Cir. 1980).

[5] *Caldarera v. Tenn. Log & Timber Homes, Inc.*, No. 5:12CV67-KS-MTP, 2013 U.S. Dist. LEXIS 157611, at *8-9 (S.D. Miss. Nov. 4, 2013).

*United States v. Taglione*, 546 F.2d 194 (5th Cir. 1977) (where defendant's testimony concerning advice from his attorney was admissible under Rule 803(3) as a statement of the defendant's then existing state of mind since the defendant's specific intent to commit the crime was at issue). Moreover, statements evidencing Owens's state of mind are also highly relevant to his entrapment defense. *United States v. Fox*, 134 F.4th 348, 382-83 (6th Cir. 2025) ("'[C]onversations concerning [the defendant's] entrapment defense would not constitute hearsay' because they were not offered for the truth of the matter asserted." (quoting *United States v. Branham*, 97 F.3d 835, 851 (6th Cir. 1996))).

Further, Owens's statements within the first three months of the investigation can be used to show his reluctance and the presence of Government inducement. The Government desperately wants to prevent Owens from introducing his statements in conversations that occurred between first Government contact in July and mid-October 2023. The recordings from this period show that Owens exhibited reluctance when faced with multiple criminal overtures from government agents. [75] at 32-44. Moreover, the Government induced Owens including with large amounts of alcohol as part of its concerted effort to overcome his reluctance and to elicit allegedly incriminating statements. *Id.* at 45-61. Many of Owens's statements are admissible by Owens to show the effect of the Government's inducements including alcohol on Owens's state of mind.

For these reasons, the Government's motion seeking to preclude Owens from introducing his statements is meritless. Owens is permitted to offer any of his relevant statements for any non-hearsay purpose or through any applicable exception.

**2.      The Government Cannot Weaponize Rule 106 by Unduly Burdening Owens Before Trial**

As stated in its Motion, the Government intends to play numerous recordings during its case-in-chief. Under Rule 106, Owens "may require the introduction, at that time, of any other part [of the recording] that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The rule addresses two concerns. First, the "concern that the court not be misled because portions of a statement are taken out of context." *United States v. Herman*, 997 F.3d 251, 263 n.5 (5th Cir. 2021) (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 n.14 (1988)). Second, "the rule has also addressed the danger that an out-of-context statement may **create** such prejudice that it is impossible to repair by a subsequent presentation of additional material." *Id.* (quoting *Beech Aircraft Corp.*, 488 U.S. at 171 n.15).

According to the Fifth Circuit, a defendant may introduce a recorded statement "when the omitted portion is 'necessary to qualify, explain, or place into context the portion already introduced.'" *Id.* at 264 (quoting *United States v. Branch*, 91 F.3d 699, 727 (5th Cir. 1996)).

The Government's Response to Owens's Motion to Dismiss [87] indicates that the Government intends to play snippets of recordings out of context. For example, the Government omits the three month period most relevant to entrapment. [87] at 2-3. The recordings following this time period necessarily will be out of context. If the Government has its way, October 2023 will be the earliest recordings introduced. Therefore, Owens must be allowed to play other recordings for context for the jury to understand the basis for

Owens's reluctance and the extent of the Government's inducement during the omitted time period in July, August, and September 2023.

The Government's Response [87] also indicates a desire to mislead the jury with paraphrased statements attributed to Owens that the Government plans to argue evidence predisposition. [87] at 4. However, in context, no jury could find Owens's statements to be evidence of predisposition. Thus, playing enough of the recordings to provide the necessary context is essential.

The Government also made false representations to the Court concerning a call that occurred on August 30, 2023, between an FBI agent and ████ █████████ [103] at 10-11. Therefore, Owens must be permitted to introduce portions of recordings during the Government's case-in-chief to ensure the jury hears conversations in context and is not misled in a way that unduly prejudices Owens prior to his case-in-chief.

Finally, the Government states that, *at some point before trial*, it plans to ask the Court to admit the recordings the Government plans to use at trial. Once the Court rules, the Government wants Defendants to provide the additional recordings they intend to offer under the rule of completeness. This is not reasonable. At this point, the Government should be able to identify the recordings it plans to offer in its case-in-chief, but it is not. The Government has repeatedly violated the Court's scheduling order including by not providing Defendants full and accurate transcripts for the recordings produced to Defendants. [59] at 2; Ex. 1, Hearing Transcript, at 33-35. For example, the Government has provided no transcripts for recordings from August and September 2023, two of the

months the Government has ignored to avoid entrapment as a matter of law. Moreover, there are numerous other recordings for which the Government has provided no transcript.

Owens opposes the Government's attempt to identify recordings at its leisure without any deadline. If the Government wishes to admit recordings before trial, it must do so at least 90 days before trial begins so Owens will have ample time to provide additional recordings pursuant Rule 106.

Dated: March 25, 2026

Respectfully submitted,

JODY E. OWENS, II

By one of his attorneys,

CARROLL BUFKIN, PLLC

/s/ Gary Bufkin

_____

By: Gary Bufkin, MSB# 10810

OF COUNSEL:

Gary Bufkin, MS Bar No. 10810
Luke Whitaker, MS Bar No. 105579
Joel Averitt, MS Bar No. 106777
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway, Ste 125
Ridgeland, MS 39157
(601) 982-5011
tgb@carrollbufkin.com
lwhitaker@carrollbufkin.com
javeritt@carrollbufkin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provides notice and a copy to all counsel of record.

Dated: March 25, 2026

/s/ Gary Bufkin

_____

Gary Bufkin, MSB #106777