**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                         **Case No.  3:24-CR-103-DPJ-LGI**

**JODY E. OWENS II,**
**CHOKWE ANTAR LUMUMBA, and**
**AARON B. BANKS**

**JODY OWENS'S RESPONSE TO GOVERNMENT'S**
**MOTION TO COMPEL RECIPROCAL DISCOVERY**

Defendant Jody Owens, through counsel, hereby responds in opposition to the Government's Motion to Compel Reciprocal Discovery. [91].

1.      The Government has a discovery obligation to Owens. Fed. R. Crim. P. 16(a)(1)(E).

2.      Owens has a reciprocal obligation that arises once the Government complies with its own obligation. Fed. R. Crim. P. 16(b)(1)(A)(ii).

3.      The Government has not complied with its discovery obligation under Rule 16(a)(1)(E). To the contrary, the Government is withholding recordings, transcripts, documents, and other materials that are directly relevant, related and material to the preparation of Owens's defenses.[1] This includes the FBI recording and transcript of ███████████'s interview (collectively, "███████ Interview"), which is described in Owens's Motion to Dismiss [75]. The Government argues the ███████ Interview is "unrelated." [88].

---

[1] Owens has a pending Motion to Compel [99].

4.      By withholding discovery materials from Owens, the Government has violated Rule 16(a)(1)(E), *Brady*, and *Giglio*. By violating, and continuing to violate, its own Rule 16(a)(1)(E) obligation, the Government has failed to trigger a reciprocal obligation. Fed. R. Crim. P. 16(b)(1)(A)(ii).

5.      Relying on *United States v. Crowder*, the Government also argues that Owens must identify the evidence he intends to use in his case in chief at trial *before* the Government identified the evidence it intends to use in its case in chief. However, *Crowder* does not support the Government's position.

6.      In *Crowder*, the court held that Rule 16(a)(1)(E) requires the government to "*specifically* identify the exhibits, documents, and other evidence, it indend[ed] to use in its 'case-in-chief' at trial." 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (emphasis added). Moreover, a defendant's reciprocal discovery obligation goes hand in hand with the Government's initial obligation under Rule 16(a)(1). *Id.* at 135 (alteration in original) (quoting *United States v. Anderson*, 416 F. Supp. 2d 110, 115 (D.D.C. 2006)). Thus, "the government does not trigger defendant's reciprocal obligation to disclose its 'case-in-chief' materials under Rule 16 simply by providing some amount of relevant discovery to defendants and then 'stating that the documents upon which [the government] intends to rely are found somewhere therein.'" *Id.* (alteration in original) (quoting *Anderson*, 416 F. Supp. 2d at 115). *See also United States v. O'Keefe*, No. 6-249, 2007 U.S. Dist. LEXIS 31054, 2007 WL 1239207, at *2 (D.D.C. Apr. 27, 2007). "Under [Rule 16], the government must *identify specifically* which items it intends to use in its case-in-chief at trial."

*Id*. (emphasis added). This does *not* allow the government to simply "identify a large number of documents that it may or may not seek to introduce at trial." *Id*.

7.      The Government's seven-volume document dump, which the Government has trickled to Defendants for more than a year now,[2] violates the Court's scheduling order [65],[3] Rule 16(a)(1)(E), and fails to trigger reciprocal discovery.[4]

The Government's Motion to Compel Reciprocal Discovery [91] should be denied.

Dated: March 25, 2026

Respectfully submitted,

JODY E. OWENS, II

By one of his attorneys,

CARROLL BUFKIN, PLLC

/s/ Gary Bufkin

_____

By: Gary Bufkin, MSB# 10810

---

[2] The Government produced production volume seven on March 12, 2026. Ex. 1, DOJ Letter, dated 3/12/26.

[3] On motion by the Government [61], the Court extended the discovery deadline to August 10, 2025. [65]. On March 12, 2026, the Government made its seventh production to Defendants, yet the Government still has not produced the most relevant and important materials in this case including the ▇▇▇▇ Interview transcript and recording. [75] at 11-19.

[4] In a footnote, the Government demands all reports of examinations and tests under Federal Rule 16(b)(1)(B) and all expert witnesses under Rule 16(b)(1)(C). [91] at 2 n.1. However, the Government's failure to comply with Rule 16(a)(1)(E) applies equally to these materials.

Of Counsel:

Gary Bufkin, MS Bar No. 10810
Luke Whitaker, MS Bar No. 105579
Joel Averitt, MS Bar No. 106777
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway, Ste 125
Ridgeland, MS 39157
(601) 982-5011
tgb@carrollbufkin.com
lwhitaker@carrollbufkin.com
javeritt@carrollbufkin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provides notice and a copy to all counsel of record.

Dated: March 25, 2026

/s/ Gary Bufkin

_____

Gary Bufkin, MSB# 10810