**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                      **Case No.  3:24-CR-103-DPJ-LGI**

**JODY E. OWENS II,**
**CHOKWE ANTAR LUMUMBA, and**
**AARON B. BANKS**

**JODY E. OWENS II'S RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSES**

Defendant Jody E. Owens II, through counsel, hereby opposes the government's

Motion in Limine to Preclude Improper Defenses. [92].

### 1.    Owens is Entitled to Argue Entrapment[1]

In spite of the clear and undisputed evidence of inducement and lack of

predisposition presented by Owens in his Motion to Dismiss [75], the government contends

that Owens should be precluded from arguing entrapment. The government's position is

flatly contradicted by the evidence.

The elements of entrapment are: (1) government inducement and (2) lack of

predisposition.[2] Predisposition is determined at the time of first government contact.[3] A

defendant's actions *shortly after first government contact* and *before government*

*inducement* are the most probative of predisposition or lack thereof.[4]

---

[1] Owens refers the Court to the facts and arguments within his Motion to Dismiss for Outrageous Government Conduct and Entrapment as a Matter of Law [75] at 11-61, Memorandum in Support [76] at 17-35, and Reply in Support [103] at 12-20.

[2] *United States v. Theagene*, 565 F.3d 911, 918 (5th Cir. 2009).

[3] *Jacobson v. United States*, 503 U.S. 540, 548-49 (1992).

[4] *United States v. Byrd*, 31 F.3d 1329, 1336 (5th Cir. 1994) ("[P]redisposition must be *independent* of government action" (emphasis in original)). *See also United States v. Martin*, 159 F. App'x

The government's first contact with Owens occurred on July 26, 2023.[5] First contact was followed by months of government inducement until at least October 16, 2023.[6] In its Motion, the government wholly ignores nearly three months of inducement. The government "factual background" literally skips August and September 2023 entirely.[7] This is improper.

Entrapment "operates through a burden shifting regime."[8] The defendant's initial burden requires only a *prima facie* showing of "(1) his lack of predisposition to commit the offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity or facilities to commit the offense."[9] A "defendant is entitled to an entrapment instruction if he presents 'evidence sufficient to support a reasonable jury's finding of entrapment.'"[10] All that is required is for the defendant to make "some showing" of each element.[11] The Fifth Circuit has defined "some evidence" as "more than a scintilla."[12] Moreover, court must "construe the evidence and make inferences in the light most favorable to the defendant."[13]

---

889, 893 (11th Cir. 2005) (The inquiry is on the "defendant's readiness and willingness to engage in the crime absent any contact with the government's officers or agents." (quoting United States v. Francis,131 F.3d 1452, 1456 (11th Cir. 1997) (emphasis added))); *United States v. Hollingsworth*, 27 F.3d 1196, 1201 (7th Cir. 1994) ("[A] criminal predisposition induced by government action cannot be used to defeat an entrapment defense." (citing Jacobson, 503 U.S. at 549-50, 549 n.2) (emphasis added)).

[5] Dkt. 75, Owens's Motion to Dismiss, at 32.

[6] Dkt. 75, at 33-61.

[7] Dkt. 92, Govt. Motion in Limine to Preclude Improper Defenses, at 1 n.1; Dkt. 88, at 2-3.

[8] *United States v. Theagene*, 565 F.3d 911, 918 (5th Cir. 2009) (citing *United States v. Bradfield*, 113 F.3d 515, 521 (5th Cir. 1997)).

[9] *Id.*

[10] *Id.* (quoting *United States v. Guiterrez*, 343 F.3d 415, 419 (5th Cir. 2003).

[11] *Id*. at 919 (quoting *United States v. Nation,* 764 F.2d 1073, 1079 (5th Cir. 1985)).

[12] *United States v. Reyes*, 645 F.2d 285, 287 (5th Cir. 1981) ("The nature of the required showing has been described as 'some evidence', but more than a scintilla.").

[13] *Theagene*, 565 F.3d at 918.

Once a defendant meets this initial burden he "is entitled to an entrapment instruction." The "burden [then] shifts to the government to prove beyond a reasonable doubt that the defendant" was not entrapped.[14]

Inducement may include but is not limited to government "persuasion or mild coercion," "actions designed specifically to take advantage of the defendant's weaknesses," "pleas based on need, sympathy, or friendship," and "encouraging criminality after a defendant rejects overtures."[15] Owens's Motion to Dismiss presents far more than a mere "scintilla" of evidence of government inducement and lack of predisposition. [75]

In its Motion, the government relies on a wholly conclusory argument concerning inducement. The government contends that the FBI recordings "contain *no statements* by the [agents] that can be *characterized* as an effort to persuade or pressure Owens to commit the charged bribery offenses."[16] This is an incredible claim considering the government's efforts to induce Owens including during the meeting at the Cigar Shop on August 14, 2023.

At the meeting, the government's agents made repeated criminal overtures[17] followed by a demand that Owens agree to commit bribery to accomplish the agents' goals.

---

[14] *Id*. at 919 (quoting *Bradfield*, 113 F.3d at 521-22).

[15] *Id.* at 922 (first citing Jacobson, 503 U.S. at 546-47, 549 n.2; and then citing Bradfield, 113 F.3d at 518, 523-24).

[16] Dkt. 92, at 4.

[17] *United States v. Anderson*, 55 F.4th 545, 557 (7th Cir. 2022) ("Evidence that the government made overture after overture after overture before the defendant agreed to commit the crime may suggest both inducement and lack of predisposition.").

FBI:     I need a yes tonight…given the craziness of this political environment here. Listen, I know because I've researched it, the mayor doesn't get along with council all this craziness, but I need a commitment is and I know you're giving me the signs right now, if we come up with a plan, we get that fucking thing pushed through….[18]

FBI:     …we want to put millions of dollars into an investment, and we've got a really fucked up wild card on this side [the politics]. So that's what our worry is.[19]

FBI:     I'm countin' on you guys to bring it home.[20]

FBI:     …it's going to cost us. Just tell us what we need to do.[21]

FBI:     [Say] you gotta write a check, [just tell us] here's what it is.[22]

The government effectively abandons its inducement argument by refusing to address the relevant time period. The government provides no evidence. Therefore, based on the undisputed evidence, the government induced Owens by (1) offering him a luxury, all-expense paid trip to Nashville;[23] (2) inviting his friends to go, (3) then using his friends to pressure Owens into attending;[24] (4) offering to fly Owens and his friends there on a private jet;[25] (4) pitching the project as an opportunity to rejuvenate inner-city Jackson, which, in the agent's own words, would make Owens a "hero"[26] in the community; (5) purposefully excluding ▮▮▮▮▮▮ from the Nashville trip after ▮▮▮▮▮ and Owens

---

[18] Dkt. 75-30, FBI UC Recording dated Aug. 14, 2023, at 01:57–02:35 (emphasis added).
[19] Dkt. 75-31, FBI UC Recording dated Aug. 14, 2023, at 10:48–11:03.
[20] Id. at 12:07–12:11 (emphasis added).
[21] Dkt. 75-32, FBI UC Recording dated Aug. 14, 2023, at 01:11–01:17 (emphasis added).
[22] Id. at 01:29-01:33 (emphasis added).
[23] Dkt. 75-39, FBI UC Recording, dated Aug. 30, 2023, at 1:25–1:45, 10:53–11:00, 11:10–11:19, 17:15–17:30.
[24] Id. at 2:45–3:28.
[25] Dkt. 75-37, FBI Text Messages with ▮▮▮▮, at 15-16.
[26] Dkt. 75-45, FBI UC Recording, dated Oct. 9, 2023, at 01:31:30–01:31:38.

exhibited reluctance during the meeting on August 14, 2023;[27] (6) using alcohol to take advantage of a "clear" weakness and to break down Owens's resistance, overcome his reluctance, and elicit allegedly incriminating statements;[28] and (7) offering Owens other trips on private jets.[29] The evidence of inducement is light years past the mere "scintilla" required.

Like its inducement argument, the government's predisposition analysis is based on the government's incomplete timeline. The single most important factor for predisposition is reluctance.[30] Thus, the government ignores multiple criminal overtures presented to Owens at the meeting on August 14, 2023, and Owens's express rejections and reluctance at the August 14 meeting and for months thereafter.[31] In doing so, the government ignores, in hopes the Court will ignore, the avalanche of evidence showing its efforts to overcome Owens's resistance and reluctance.[32]

To distract, the government focuses on the narrative it has pushed from the beginning; a narrative derived from false FBI testimony before the grand jury and then displayed for all to see in the government's speaking indictment. The recorded conversations it now highlights occurred after months and months of FBI inducement.[33]

---

[27] Dkt. 75, at 37-41.

[28] *Id.* at 44-61; Dkt. 87, at 22 ("To be sure, it became clear to the government over the course of the investigation that Owens likes to drink alcohol.").

[29] Dkt. 75, at 59-60.

[30] Reluctance includes a "significant hesitation or unwillingness or attempts to return discussion to lawful conduct." *United States v. Theagene*, 565 F.3d 911, 920 (5th Cir. 2009).

[31] Dkt. 75, at 33-61.

[32] *Id.*

[33] Having no evidence of predisposition, the government is now twisting Owens's statements out of context. As its chief evidence of predisposition, the government points to Owens's statement in January 2024 that "we never give them the asking price" as an admission that he bribed individuals in the past. However, the government forgets it put the full quote in its indictment. Dkt. 3, Indictment, at 8. In the

As much as it would like to, the government cannot "rely on [a defendant's] conduct that was induced by government agents…."[34] Thus, "only those statements that indicate a state of mind untainted by the inducement are relevant to show predisposition."[35] Owens's reluctance in the face of government overtures and inducement is dispositive of his lack of predisposition.[36]

Owens has presented far more than a "scintilla" of evidence of (1) government inducement and (2) his lack of predisposition. He therefore is entitled to argue and present evidence of entrapment at trial.

### 2.    Owens will not Argue Jury Nullification

The government moves to "preclude argument and evidence designed to encourage jury nullification."[37] Owens does not intend to make jury nullification arguments. However, the government goes far beyond jury nullification and seeks to exclude evidence material to Owens's defenses.

---

very next sentence, Owens explains that he never gives the asking price when he buys "cars", "cows," etc. *Id.* Nothing in Owens's statement suggests that he "bought" politicians, official acts, or otherwise committed bribery prior to the investigation.

[34] *United States v. Baez*, 761 Fed. Appx. 23, 26 (2d Cir. 2019). See also *United States v. Mayfield*, 771 F.3d 417, 437 (7th Cir. 2014) ("That the defendant eventually agreed to commit the crime in response to the government's efforts does not necessarily prove predisposition, for if the inducement was significant enough to cause even a nonpredisposed person to commit the crime, no inference can be drawn about predisposition from the success of the government's efforts.").

[35] *United States v. Poehlman*, 217 F.3d 692, 704-05 (9th Cir. 2000).

[36] *United States v. Anderson*, 55 F.4th 545, 557 (7th Cir. 2022) ("Evidence that the government made overture after overture after overture before the defendant agreed to commit the crime may suggest both inducement and lack of predisposition.").

[37] Dkt. 92, at 9.

### a.  Government's Charging Decisions

The government seeks to preclude evidence, comments, and argument regarding the government's "charging decisions." Assuming the government means Owens should be prohibited from arguing that the jury cannot convict because the government has refused to charge other public officials with respect to campaign contributions, Owens does not intend to make such jury nullification arguments.

### b. and c.  Government Misconduct & Purported Motives.

The government seeks to preclude evidence, comment, or argument "designed to encourage nullification" based on government misconduct and the government's motives in prosecuting Owens.[38] The government fails to specify what specific "misconduct" it seeks to exclude.

Regardless, the evidence of government misconduct and the government's efforts to induce Owens are relevant to the credibility of government witnesses and Owens's entrapment defense.

First, Owens has the right to impeach government agents.[39] The government's misconduct is relevant to the credibility, bias, or basis of knowledge of its witnesses. Owens is entitled to cross examine the government's witnesses concerning their misconduct.

---

[38] *Id.* at 10-12.

[39] In fact, the Government has already stated that "CHS-1 will testify about the coincidental circumstances that led to CHS-1's initial interactions with Owens." Dkt. 88, Government's Response to Motion to Dismiss, at 26. Purportedly, the Government will use this testimony to prove that Owens was not a "target" of the FBI when CHS-1 entered the Cigar Bar. Dkt. 103, Owens's Reply in Support of Motion to Dismiss, at 1-6.

Second, the government's motives in inducing Owens are relevant to his entrapment defense. Prior to contacting Owens, the government states that it has "no reason" to suspect Owens, yet the government decided to "get something" on Owens anyway. One of the ways it did so was by having an FBI agent lie to the grand jury repeatedly about how this investigation began. The jury must be allowed to hear the government's witnesses on cross examination explain how and why the government targeted Owens when it had no reason to suspect him of bribery, and then lied about it to the grand jury and in a federal pleading.

### d. Government Resources and Cultural Issues

The government seeks to preclude evidence, comment, and argument "to encourage nullification based on various cultural issues."[40] As stated previously, Owens does not intend to make jury nullification arguments. However, Owens is entitled to offer evidence that "the federal government has it out for local officials or is 'weaponized'" Indeed, the government's own agents said as much during the ▮▮▮▮▮ Interview. The government also seeks to preclude Owens from arguing "that [he was] targeted because of race, political affiliation, or some other characteristic." Owens was an FBI "target" before the CHS-1 entered the Cigar Bar and the FBI lied about it. Moreover, there is evidence that CHS-1 and CHS-2 were racially biased. The government agents cannot make race an issue and then deny Owens the right to explore racial motivations and biases.

Any reason the FBI targeted and pursued Owens is highly relevant to his entrapment defense and to the credibility and bias of government agents.

---

[40] Dkt. 92, at 12.

### e. Evidence of Prior Good Acts

The government seeks to exclude evidence of Owens's prior good acts as improper character evidence. Rule 405(a) allows a defendant to use reputation or opinion testimony to prove character or a character trait when that character or character trait is admissible. Rule 405(b) allows a defendant to use his "specific instances of conduct" to prove character when his character is "an essential element of a charge, claim, or defense." Owens's lack of predisposition is an essential element of his entrapment defense. Therefore, Owens can produce specific instances of his prior good acts, when relevant, to prove his lack of predisposition. *United States v. Rutgerson*, 822 F.3d 1223, 1239 (11th Cir. 2016) ("[A] defendant claiming entrapment [may] present evidence which meaningfully bears upon his lack of predisposition to commit the crime with which he is charged.").

WHEREFORE, since Owens has presented sufficient evidence for an entrapment instruction and stated he will not present any jury nullification arguments to the jury, the government's motion should be denied.

Dated: March 25, 2026

Respectfully submitted,

JODY E. OWENS, II

By one of his attorneys,

CARROLL BUFKIN, PLLC

/s/ Gary Bufkin

_____

By: Gary Bufkin, MSB# 10810

9

OF COUNSEL:

Gary Bufkin, MS Bar No. 10810
Luke Whitaker, MS Bar No. 105579
Joel Averitt, MS Bar No. 106777
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway, Ste 125
Ridgeland, MS 39157
(601) 982-5011
tgb@carrollbufkin.com
lwhitaker@carrollbufkin.com
javeritt@carrollbufkin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provides notice and a copy to all counsel of record.

Dated: March 25, 2026

/s/ Gary Bufkin

_____

Gary Bufkin, MSB# 10810