IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                      Case No.  3:24-CR-103-DPJ-LGI

JODY E. OWENS II,
CHOKWE ANTAR LUMUMBA, and
AARON B. BANKS

### OWENS'S RESPONSE TO GOVERNMENT'S MOTION TO CHANGE VENUE FOR TRIAL

The government chose to bring this case against Defendants in the Northern Division of the Southern District of Mississippi. In its Motion to Change Venue, the government alleges that Owens's Motion to Dismiss [75] caused "a flurry of media coverage" that suddenly necessitated a change of venue from inner-city Jackson to the beach town of Gulfport, Mississippi. The government's argument is disingenuous for several reasons.

First, the government wanted a change of venue *before* Owens filed his Motion to Dismiss. The government reached out to Defendant Banks through counsel to inquire about a change of venue *months before* Owens filed his Motion to Dismiss. Owens's Motion to Dismiss was simply a convenient pretext for the Motion to Change Venue that the government already wanted. The government's preexisting desire for a change of venue is fatal to the government's motion, at least insofar as Owens's Motion is allegedly to blame.

Second, in his Motion to Dismiss, Owens presented evidence of an unprecedented pattern of government misconduct. Literally, no reported federal case comes close

factually. The evidence shows the government presented false testimony to the grand jury; made material misrepresentations in the indictment; concealed evidence; continues to conceal evidence; and chose undercover agents with deep-seated racial biases and a history of misconduct who were willing to do whatever was necessary to "get something" on Owens. The government is unhappy with Owens's Motion and therefore seeks a change of venue. However, Owens is entitled to respond publicly to the government's publicly filed "speaking indictment." This is particularly true given that Owens's responses include allegations and evidence of misconduct that the government has failed to rebut with evidence.

Tellingly, the government's first reaction to Owens Motion to Dismiss was *not* to deny the allegations or present evidence, but to conceal its misconduct from the public. On January 12, 2026, Owens filed his Motion to Dismiss at 3:48 p.m. Less than 45 minutes later, the government emailed the Court seeking an emergency order restricting Owens's filings from public view. The Court instructed the government to file a motion, which the Court granted the following morning, thus sealing all of Owens's filings.[1]

Owens's Motion was publicly available for less than 24 hours. In contrast, the government's 32-page "speaking indictment" was never sealed. It remained publicly available for a year and a half despite containing highly inflammatory photographs and statements that created the firestorm of local, state, and national media coverage

---

[1] In its Emergency Motion to restrict Owens's filings, the government alleged that Owens violated the Court's Protective Order. However, the government omitted dispositive language contained in the Protective Order that expressly allows the parties to use "discovery materials" in connection with pretrial motions. *See* Owens's Response [78].

surrounding this case.[2] The government ignores facts it does not like and the speaking indictment's massive contribution to pretrial publicity is no different. In truth, Owens's Motion has nothing to do with the government's desire to change venue.

The government indicted in the Northern Division, despite a jury pool that includes the City of Jackson, because the government was convinced its "speaking indictment" would cripple Owens and force a plea. Instead, Owens responded with his Motion to Dismiss including evidence of unprecedented government misconduct. Now, confronted with the prospect of actually trying this case, the government suddenly wants to forum shop. As cover for its forum shopping, the government claims it seeks to protect Defendants' right to a fair trial, yet, not a single Defendant has similarly moved for a change of venue or a larger venire. In truth, the government's motive is far less magnanimous.

---

[2] The media coverage in response to the government's "speaking indictment" included scores of articles and videos featuring prejudicial images and statements, as well as links directly to the "speaking indictment." *See, e.g.*, Anthony Warren, *'He's Cooked': Law Professor Offers Take on Jackson Bribery Case*, WLBT (Dec. 2, 2024, at 7:48 PM), https://www.wlbt.com/2024/12/03/hes-cooked-law-professor-offers-take-jackson-bribery-case/; Anthony Warren, *'I Don't Give a S\*\*t Where the Money Comes From': Indictment Details Bribery Scheme Involving Four Local Leaders*, WLBT (Nov. 7, 2024, at 11:45 AM), https://www.wlbt.com/2024/11/07/i-dont-give-st-where-money-comes-indictment-details-bribery-scheme-involving-four-local-leaders/; Bracey Harris, *A Yacht, a Hollow Book and a 'War Room': How the FBI Ensnared a City's Leaders in a Bribery Investigation*, NBC News (Nov. 13, 2024, at 9:33 PM), https://www.nbcnews.com/news/us-news/fbi-ensnared-jackson-leaders-bribery-investigation-rcna179660; Will Stribling, *Owens, Lumumba and Banks Plead 'Not Guilty' in Jackson Bribery Vase*, Mississippi Public Broadcasting (Nov. 8, 2024), https://www.mpbonline.org/blogs/news/owens-lumumba-and-banks-plead-not-guilty-in-jackson-bribery-case/; Charlie Drape and Mary Boyte, MS Clarion Ledger, *See Allegations Against Hinds County District Attorney Jody Owens as He Pleads Not Guilty*, Yahoo! News, (Nov. 7, 2024, at 10:48 PM), https://www.yahoo.com/news/see-allegations-against-hinds-county-174918089.html; Kaitlin Howell, et al., *Hinds County DA, Jackson Councilman Indicted in Bribery Scandal Along with Mayor*, WJTV (Nov. 8, 2024, at 9:13 AM), https://www.wjtv.com/news/jackson-bribery-scandal/hinds-county-da-jackson-councilman-indicted-in-bribery-scandal-along-with-mayor/.

In just over a month after the release of the indictment, WLBT alone had published more than 25 articles, many including prejudicial photos and statements from the government's "speaking indictment." Ex. 1, WLBT Articles Following Speaking Indictment.

According to the U.S. Census Bureau, the City of Jackson is 82% Black, while only 37.6% of Gulfport residents are Black. In search of an eleventh-hour advantage, the government has decided the sandy white beaches of Gulfport look far better than the inner-city streets of Jackson. What a difference a few months and a few thousand pages of evidence make. The Northern Division was perfect for the government when it wanted maximum press coverage and ensure its "speaking indictment" would have maximum "impact." In an FBI report authored by Special Agent ▮▮▮▮▮▮▮▮, whose false testimony to the grand jury resulted in the "speaking indictment," ▮▮▮▮ crowed over the "impact" his "speaking indictment" would have in the FBI's Jackson Area of Operations:

> Impact: The unsealing of this *indictment*, initial appearances, *and associated media coverage* have served to *expose* flagrant corruption among some of the most prominent elected officials in the Jackson AOR. *The indictment* of *Owens*, *Lumumba*, and *Banks demonstrated to the community* that the FBI will take a proactive role in weeding out corruption committed by public officials who use their positions for personal gain. *The details provided in the indictment*, *most of which were not yet publicly known*, will serve to deter similar future conduct by public officials within the Jackson AOR.[3]

However, now that trial is looming, the government wants another venue; one it perceives to be more favorable for trying three Black politicians from the Northern Division. The government cannot choose one venue to maximize the public impact of its indictment and then forum shop its way to another venue shortly before trial.

Third, all the events that the indictment alleges occurred in Mississippi occurred in the Northern Division, not Gulfport.

---

[3] Ex. 2, FD-1057, ▮▮▮▮▮, 11/25/24, at 3.

Fourth, the government seeks to gain an unfair advantage in Gulfport. The government has offices and facilities in Gulfport. Moreover, one of the government's Gulfport attorneys has already entered an appearance in this case. On the other hand, Defendants have no infrastructure or local counsel in Gulfport and would be at a significant disadvantage both financially and logistically, if forced to commute to Gulfport, hire local counsel, and rent accommodations and office space for a four to six week trial. Similarly, traveling to Gulfport would impose a substantial hardship on defense witnesses, including potential experts who often charge substantial amounts for travel. The government cannot impose financial and logistical hardships on Defendants simply because it seeks a more favorable venue than the one it chose originally or because it seeks to retaliate against Owens for exposing the government's misconduct.

Fifth, the government's request for a district-wide venire as alternative relief lacks merit. The Northern Division includes numerous counties. The government's argument that two local television stations reach the Northern Division is woefully inadequate, nor does the government provide any evidence to support its argument. In fact, the government's "speaking indictment" received local, statewide, and national coverage, which included all the Divisions in the Southern District of Mississippi. Moreover, a venire outside the Northern Division is unnecessary, as illustrated by the recent DiBiase trial. The DiBiase trial is one of a series of cases in the so-called "welfare scandal." Coverage of the "welfare scandal" involves a number of famous figures and was as widely publicized – locally, statewide, and nationally – as any case in Mississippi history. Nevertheless, the Northern Division was sufficient to seat a jury.

In the DiBiase trial, the government was content to draw its venire from the Northern Division which includes the City of Jackson and several counties with large Black populations. In the instant matter, Black Defendants are charged, and the government suddenly needs a larger venire from outside the Northern Division. Such a racially selective approach by the government is improper and certainly does not justify a change of venue or a larger venire.

Voir dire is sufficient to seat a jury from the Northern Division. The government's motion seeking a change of venue or a larger venire should be denied.

Respectfully submitted,

JODY E. OWENS, II

By one of his attorneys,

CARROLL BUFKIN, PLLC

/s/ Gary Bufkin

_____

By: Gary Bufkin, MSB# 10810

OF COUNSEL:

Gary Bufkin, MS Bar No. 10810
Luke Whitaker, MS Bar No. 105579
Joel Averitt, MS Bar No. 106777
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway, Ste 125
Ridgeland, MS 39157
(601) 982-5011
tgb@carrollbufkin.com
lwhitaker@carrollbufkin.com
javeritt@carrollbufkin.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provides notice and a copy to all counsel of record.

Dated: March 25, 2026

/s/ Gary Bufkin

_____

Gary Bufkin, MSB# 10810