IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 3:24-cr-103-DPJ-LGI

JODY E. OWENS II,
CHOKWE ANTAR LUMUMBA, and
AARON B. BANKS

### GOVERNMENT'S OMNIBUS REPLY TO DEFENDANTS' RESPONSES IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSES

The government submits this omnibus reply to the Defendants' responses to the government's Motion in Limine to Preclude Improper Defenses. ECF Nos. 123, 130, 138.

### I.    Owens Should Be Precluded From Presenting an Entrapment Defense

Lumumba and Banks have now confirmed that they do not intend to pursue an entrapment defense. ECF Nos. 123 at 1, 138 at 1.[1] And Owens has now affirmatively noted his intent to assert the defense beyond motion practice at trial. Because he has failed to meet the required prima facie showing, he should be precluded from doing so.

With respect to inducement, Owens claims that the government overlooks "three months of inducement" occurring between July 26, 2023, and October 16, 2023. On the contrary, the government spent little time on that period in its motion because little of note transpired during that period. During those three months, the limited interaction that the CHSs had with Owens was aimed at earning his trust. The bribery scheme had yet to come into focus and was not a

---

[1] Banks argues that Owens should be permitted to pursue an entrapment defense, but in a separate trial. For the reasons stated in the government's response to Banks's severance motion and herein, that request should be denied. ECF No. 116.

1

topic of conversation outside of the single August 2023 conversation that Owens makes much hay of.

As for the October 2023 trip to Nashville, Owens's telling of events is not reflected in the evidence to which he cites. It was a third party who drafted the list of invitees for the Nashville trip, not the CHSs. And ██████████ planned to attend that trip until he cancelled at the last minute—he was not excluded because he exhibited "reluctance." On that note, Owens repeatedly refers to his supposed pervasive exhibition of "reluctance" to join the CHSs bribery scheme, but he points to no actual evidence, not a *single* statement, in support—with good reason: such evidence simply does not exist. While it took time for Owens to trust the CHSs, the fact that Owens did not immediately express his willingness to engage in criminal activity to near strangers is not evidence of reluctance.

Owens's argument with respect to predisposition lacks a similar basis in the facts. Owens cites "the avalanche of evidence showing its efforts to overcome Owens's resistance and reluctance," but there is no evidence of said resistance and reluctance contained within Owens's various briefs or in the hundreds of hours of recordings made here.

For those reasons, and for the reasons in the government's motion, Owens should be precluded from pursuing an entrapment defense at trial.

II.    **The Court Should Preclude Argument and Evidence Aimed at Jury Nullification**

The Defendants do not dispute that they are precluded from introducing evidence or making arguments intended to encourage jury nullification. The government briefly addresses arguments made as to each category originally delineated by the government in its motion.

### A. Government's Charging Decisions

Lumumba and Owens do not contest the government's point as to argument regarding the government's charging decisions. Banks expresses some degree of concern that the government's request would preclude him from arguing as to his client's innocence of the charged offenses. The government, of course, does not seek to preclude the Defendants from arguing that they are innocent of the offenses with which they are charged. But that is an entirely different proposition than presenting argument as to why the government did or did not indict certain individuals. Such commentary is irrelevant and is properly precluded by the Court.

### B. Government Misconduct & Purported Motives

The government does not dispute that the government's witnesses, like all witnesses, may be subject to impeachment by contradiction if defense counsel has a *good-faith* basis and supporting evidence of the existence of bias, prejudice, interest in the litigation, or motive to testify in a particular fashion. That said, the government's chosen tactics and conduct throughout the investigation are irrelevant to the question of guilt that the jury must decide. *See United States v. Graves*, 556 F.2d 1319, 1322 (5th Cir. 1977). So too are baseless allegations related to the government agents' motives for investigating this case. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996). Contrary to Owens's assertions, the motives of the government are not germane to the questions of inducement and predisposition.

### C. Government Resources and Cultural Issues

Banks seemingly states that the amount of money the government spent on its investigation is relevant—it is not. The fact that the Defendants took private jets, spent time on yachts, etc. will of course come out naturally as facts underlying the bribery scheme. But

3

*commentary* as to whether that was proper use of government funds is irrelevant and should be precluded.

Banks further contends that the government was the first to make race an issue here. Not so. ECF No. 75 at 6–7 (insinuating that federal law enforcement targeted Lumumba at the outset, in part, because of his race); *id.* at 67 (baselessly accusing the FBI of sending racially biased CHSs to investigate black public officials). For his part, Owens contends that the government has it out for local officials or is weaponized—that is false speculation without a whiff of evidentiary support. If the Court denies Owens's Motion to Dismiss for Outrageous Government Conduct (ECF No. 75), such arguments should not be permitted before the jury.

### D.  Evidence of Prior Good Acts

The parties seem to agree on the law regarding evidence of prior good acts. As for Owens's argument with respect to evidence to rebut predisposition, assuming that he is allowed to pursue an entrapment defense before the jury, the government does not dispute that he may offer some prior-good act evidence if it bears meaningfully on his lack of criminal disposition. That said, such evidence—of which the government is unaware—should appropriately limited as a defendant invoking entrapment does not have an unbridled right to present a parade of prior good acts. Moreover, that hypothetical character evidence must conform with all Rules of Evidence, including those that allow for the exclusion of evidence that is remote, hearsay, or cumulative.

### CONCLUSION

For these reasons, and the reasons included in the government's motion, the government requests that the Court grant its Motion to Preclude Improper Defenses.

Respectfully submitted,

J. E. BAXTER KRUGER
United States Attorney
Southern District of Mississippi

EDWARD P. SULLIVAN
Acting Chief, Public Integrity Section
U.S. Department of Justice

*/s/Charles W. Kirkham*
Charles W. Kirkham (MS Bar No.:102022)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: chet.kirkham@usdoj.gov

*/s/ Madison H. Mumma*
Madison H. Mumma (NC Bar No.: 56546)
Trial Attorney
Criminal Division
Tel: (202) 913-4794
Email: madison.mumma@usdoj.gov

*/s/Kimberly T. Purdie*
Kimberly T. Purdie (MS Bar No.: 104168)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: kimberly.purdie@usdoj.gov

*/s/David H. Fulcher*
David H. Fulcher (MS Bar No.: 10179)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: dave.fulcher@usdoj.gov

*/s/John A. Meynardie*
John A. Meynardie (MS Bar No.: 9912)
1575 20th Avenue
Gulfport, MS 39501
Tel: (228) 563-1560
Email: john.meynardie@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all ECF participants of this record.

Dated: March 30, 2026

/s/ *Madison H. Mumma*
Madison H. Mumma
Trial Attorney

6