IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO.: 3:24-cr-103-DPJ-LGI

JODY E. OWENS II,
CHOKWE ANTAR LUMUMBA, and
AARON B. BANKS

REPLY OF THE UNITED STATES IN SUPPORT OF
THE MOTION TO EXCLUDE OWENS'
PROPOSED EXPERT TESTIMONY FOR
FAILURE TO COMPLY WITH DISCOVERY RULES

The United States submits this Reply in Support of the Motion to Exclude Owens'

Proposed Expert Testimony as follows:

## I.    OWENS HAS WITHDRAWN TWO OF HIS PROPOSED EXPERTS.

In a footnote in his response, Owens has withdrawn two of his proposed experts, Jen

Sharp and Caleb Burns, without further explanation. Based on this withdrawal, the government

will not further address these two individuals unless the Court directs otherwise.

## II.    OWENS'S DESIGNATIONS REMAIN DEFICIENT

Owens' designations did not satisfy the requirements under Fed. R. Crim. P. 16 or FRE

702.  These deficiencies were not cured by Owens's "supplemental" designations.  First, Owens

did not provide any new designation or information for Mark Webb.  Owens supplemental

designations for Charles King and Robert King suffer from many of the same deficiencies as

before.[1]

---

[1] Due to the sensitive and speculative nature of some of the information contained
therein, the government will provide the new supplemental information to the Court for review
*in camera.*

Owens complains that "The government's motion solely focuses on subsection (a), i.e., the relevance of the experts' testimony."  Response, p. 2.  However, the government was unable to address the issues under FRE 702(b)-(d) precisely because Owens failed to provide the required information. Because the initial disclosures and the "supplemental" disclosures remain deficient, the government cannot adequately address these issues.

More importantly, FRE 702 places the burden on Owens to demonstrate that the proposed expert testimony should be allowed:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise **if the proponent demonstrates to the court that it is more likely than not that**:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Owens has not met this burden, and Owens certainly has not met this burden in a timely manner. Neither the Court nor the government can evaluate the admissibility of Owens remaining experts. Accordingly, the Court should exercise its discretion to exclude Owens's three remaining experts.

### III.    MARK WEBB HAS NOT EVEN FORMED HIS OPINION YET.

Owens impermissibly seeks to introduce Mark Webb's testimony as part of an entrapment defense. "Owens's weakness with alcohol is a relevant issue at trial if he pursues the entrapment defense."  Owens Response, p. 4.  The Court should not allow any such testimony from Webb.

Mark Webb's opinion has not even been formed, much less timely provided prior to the Court's expert designation deadline of June 5, 2026.  In his motion for an extension of time to "supplement" Webb's opinion [Dkt. 195], Owens states that Webb needs to interview him one more time on June 29 – two weeks before trial starts on July 13 and twenty-four days after the Court's deadline.  Owens then says he will provide Webb's opinion on June 30.  Webb has never provided an opinion in over two years since the case was indicted.[2]  This late formulation of Webb's opinion will not allow sufficient time for the government to review or challenge Webb's opinions and simply should not be allowed.

The government noted in the underlying motion that (1) in January the government sought information from Owens's counsel about the claim that he was a "diagnosed alcoholic" but never received any information; and (2) Owens never provided any notice concerning a defense related to his mental condition.  Owens' last-minute attempt to introduce Webb into the case should not be allowed.

Without knowing Webb's opinion, neither the Court nor the government can fully evaluate Webb's testimony for admissibility.  Based on the scarce information available, Webb's testimony would be speculative at best, and the Court should exercise its discretion to exclude any such testimony. *United States v. Masat,* 896 F.2d 83, 94 (5th Cir.1990) (a trial court's exclusion of expert testimony will not be reversed absent an abuse of discretion.) *United States v. Triplett*, 922 F.2d 1174, 1183 (5th Cir. 1991) (district court did not abuse its discretion in refusing to let expert testify as to how defendant personally would have been affected by his ingestion of controlled substances.; such testimony would have been speculation on the expert's part and is clearly forbidden by Fed.R.Evid. 704(b)).

---

[2]  The Court may want to inquire as to when Webb was first contacted by Owens.

3

#### IV.     THE TESTIMONY OF CHARLES KING IS OFFERED FOR A LIMITED BUT IRRELEVANT PURPOSE.

Among the bribed conduct was Owens's bribing Lumumba in exchange for agreeing to the road closure needed for the hotel development project and directing a city employee to move the Request for a Statement of Qualifications ('RFQ') submission deadline up to April 15. Lumumba placed a phone call from the yacht in Florida to a city employee while accepting $50,000 in laundered money from Owens.

Owens offers Charles King's proposed testimony concerning the RFP's and RFQ's as "highly relevant to the 'value' element of federal program bribery." Owens Response, p. 5. Even though Owens only states that Charles King will opine that the shortening of the deadline for the RFQ was of "limited value," presumably King's opinion will be that it was worth less than the $5000 jurisdictional amount under 18 U.S.C. § 666. Based on the latest supplement, the government still does not know exactly what King will say.

As this Court held in ruling on the Motion to Dismiss, the amount of the bribe satisfies the jurisdictional element under 18 U.S.C. § 666. "The transactional element may be satisfied by looking to the amount of the bribe; thus, if the amount of the bribe is $5,000 or greater, the jury can reasonably conclude that the transactional element is satisfied." *United States v. Owens*, No. 3:24-CR-103-DPJ-LGI, 2026 WL 1350787, at *8 n.5 (S.D. Miss. May 14, 2026) (quoting Fifth Circuit Pattern Jury Instructions (Criminal) § 2.33B note (2019) and *United States v. Richard*, 775 F.3d 287, 294 (5th Cir. 2014). The amount of the bribes for each defendant was well above $5000 – especially the $50,000 paid by Owens contemporaneously with the shortening of the deadline. The Court thoroughly covered this issue in ruling on the motion to dismiss, including noting that "the indictment alleges that Owens and his co-defendants had a heavy hand in setting the price (it didn't just come from the undercover agents). …. This all indicates that Defendants

4

saw the value as exceeding $5,000." *United States v. Owens*, No. 3:24-CR-103-DPJ-LGI, 2026 WL 1350787, at *7–8 (S.D. Miss. May 14, 2026).

Charles King would only provide speculative testimony concerning a limited issue: the value of the shortening of the RFQ deadline, presumably in the absence of the $50,000 bribe paid to Lumumba. Such testimony will not help the trier of fact to understand the evidence or to determine a fact in issue under Rule 702(a).

Owens also fails to state the basis for King's opinions or to provide the factual basis for Kings opinions. King's designation does not state what principles and methods he used to reach his opinion. King's proffered opinion is simply not supported by sufficient facts or data as is required under Rule 702(b) and is not the product of reliable principles and methods or application of such principles under Rule 702(c) and (d).

## V.     ROBERT KING'S PROPOSED TESTIMONY IS NOTHING MORE THAN SPECULATION.

Owens seeks to impermissibly inject his debunked claims of outrageous government conduct into the trial under the guise of expert testimony from Robert King. In ruling on Owens' Motion to Dismiss, the Court found that there was no basis for Owens' outrageous conduct claims.

> Having reviewed each category of alleged outrageous conduct individually and collectively, the Court finds that Owens does not meet the "extremely demanding" standard for proving this defense. *Sandlin*, 589 F.3d at 758. Thus, this case is not the "rarest [of] circumstances" where the Government's conduct justifies dismissing the indictment. *Gutierrez*, 343 F.3d at 421 (citation omitted). The Court denies Owens's motion to dismiss the indictment based on outrageous government conduct.

Order Denying Motion to Dismiss, Dkt. 161, p.18.

Through Robert King, Owens seeks to resurrect his outrageous conduct claim under the guise of expert testimony. Owens states that he will seek to cross-examine the government's

witnesses in five areas, all of which lack any factual basis whatsoever.  First Owens wants to cross examine witnesses on whether they "took advantage of Owens alcoholism," a claim so far unsubstantiated in any way and addressed previously by the Court in denying Owens's motion to dismiss.  See Dkt. 161, p. 15.  Second, Owens claims they used "excessive inducements."  This is simply another way of claiming entrapment and not the proper subject of expert testimony. Third, Owens claims without any basis that they engaged in "aggressive and inappropriate sexual behavior." If Owens has any information to substantiate this claim, he should produce it to the government. Fourth, Owens claims they "knowingly exposed civilians to the targets of the undercover operations," apparently under the impression that Owens present a danger to civilians and that undercover operations must be conducted only in isolation. Finally, Owens will seek to question witnesses about alleged "targeting of Owens without sufficient justification."  Again, the Court flatly rejected such arguments in its order.  Dkt. 161, p. 6-12. Such testimony should be excluded.

Owens now seeks to inject Robert King into the case under the guise that "expert testimony from a former FBI Special Agent of the relevant FBI policies, procedures, and guidelines applied to the facts of this case will assist the jury in understanding the evidence and assessing the credibility of the government witnesses."  However, under Rule 608(b) states that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Furthermore, Owens is wrong when he speculates that the government "will elicit testimony or otherwise take the position that the agents acted appropriately and in accordance with FBI policies, procedures and guidelines during the course of the investigation."  Whether those working for and with the FBI violated any of its policies and procedures is collateral to the issues at hand, and as such, the defendants

should not be allowed to bring in extrinsic evidence in an attempt to impeach government witnesses on collateral matters.

The government properly withheld FBI policies and procedures from Owens. Owens incorrectly cites two cases, both of which affirmed the withholding of law enforcement policies and procedures from disclosure to the defendants. In *United States v. Childress*, 2021 WL 2935305 (W.D. Va. 2021), the Court denied the defendant's motion to compel disclosure of Virginia State Police policies, procedures, or training materials related to confidential informants. The Court noted that "multiple out of circuit cases that address similar factual scenarios have concluded that confidential informant policies are not discoverable when they are not material to a defense." *Id.* at *4. The Court then discussed the rulings in *United States v. Sandalo*, 2020 WL 1815862, at *4 (D. Conn. Apr. 10, 2020) (denying motion to compel policies because they were not relevant to his defense because they do not refute any charge against the defendant); *United States v. Ward*, 2021 WL 738825 at *4 (D. Idaho Feb. 25, 2021) (defendant failed to offer any facts or circumstances whatsoever to show the materiality of the requested documents); *United States v. Monell*, 2013 WL 12437912, at *5 (D. Mass. Feb. 12, 2013) (defendant not entitled to policies and procedures concerning confidential informants); and *United States v. Burton*, 81 F. Supp. 3d 1229,1255–56 (D.N.M. 2015) (discussed below). In *Childress* the Court concluded that the defendant was not entitled to policy and procedure documents.

> Here, as in the above cited cases, Childress has failed to demonstrate how police policies, procedures, or training materials regarding confidential informants are material to his defense. There is no showing that the policies would enable Childress to "significantly alter the quantum of proof in his favor," *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975), *cert. denied*, 423 U.S. 836 (1975)), beyond speculation. **Further, even if this fishing expedition would result in some showing of a violation of internal polices or procedures regarding confidential informants, such evidence could not refute any charge**

**against Childress**. For these reasons, the court will deny Childress's motion to compel production of police policies, procedures, and training materials relating to confidential informants.

*Id.* at 5 (emphasis added).

In *Burton*, the Court found that the defendant's claims were "speculation – mere hopeful wishing…." *Id.* at 1256. "Without a more compelling reason for this information, the Court is reluctant to order the disclosure of internal policies of how the FBI deals with its targets and CIs for the world to see." *Id.*

Robert King's purported opinion is based on speculation. King has not worked for the FBI since 2019 and nowhere does he identify what policies and procedures he claims were violated or how. Indeed, Owens complains that the government did not turn over the policies that King apparently claims were violated. King's purported expert testimony would not assist the triers of fact and would be nothing more than rank speculation. Accordingly, the Court should not allow Robert King to testify.

## VI.     REQUEST FOR A *DAUBERT* HEARING

In the event the Court does not exclude Owens's three remaining proposed experts outright, the government requests that the Court schedule a *Daubert* hearing prior to trial.

## VII.    CONCLUSION

For the foregoing reasons, the Court should exercise its discretion and exclude Owens's three remaining "experts."

Respectfully submitted, this 23rd day of June 2026.

J. E. BAXTER KRUGER
United States Attorney
Southern District of Mississippi

*/s/Herbert S. Carraway*
Herbert S. Carraway (MS Bar No.: 104163)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: bert.carraway@usdoj.gov

*/s/Kabah S. Ealy*
Kabah S. Ealy (MS Bar No.: 101524)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: kabah.ealy@usdoj.gov

*/s/David H. Fulcher*
David H. Fulcher (MS Bar No.: 10179)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: dave.fulcher@usdoj.gov

*/s/Charles W. Kirkham*
Charles W. Kirkham (MS Bar No.:102022)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: chet.kirkham@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all ECF participant(s) of this record.

Dated: June 23, 2026

*/s/ Dave Fulcher*

DAVID H. FULCHER
Assistant United States Attorney

9