**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                         **CRIMINAL NO.: 3:24-cr-103-DPJ-LGI**

**JODY E. OWENS II,
CHOKWE ANTAR LUMUMBA, and
AARON B. BANKS**

**RESPONSE IN OPPOSITION TO OWENS'S MOTION
FOR AN EXTENSION OF TIME TO SUPPLEMENT
<u>WEBB'S EXPERT DISCLOSURE</u>**

The United States submits this Response in Opposition to Owens's Motion for an

Extension of Time to Supplement Webb's Expert Disclosure. This is the second request for

additional time to supplement Webb's disclosure and would be the first time Webb's opinion will

be provided to the government.  As set forth herein, the government submits that the Court

should conduct the appropriate inquiry into why Webb's opinion and related disclosures have not

yet been provided before deciding the motion.

Expert designation deadlines carry a unique significance because of the Court's

gatekeeping obligations. Here, the government will not have sufficient time before trial to

evaluate Webb's proposed opinion under Rule 702 and 703 and thereafter to file the appropriate

motions.  Taking this matter up during trial is unworkable because whether or not Webb is

allowed to testify significantly impacts the trial strategy and preparation for all parties.

Webb has not formulated his opinion, and apparently, he will not do so until next week at

the earliest according to Owens's motion.  The Court should not allow Owens or any other

defendant to have 25 days after the expert designation deadline and less than two weeks before

trial for a proposed expert to craft his opinion.  This situation borders on the absurd. Owens has not demonstrated any good cause for these delays.  The timeline tells the story:

1.   **OCTOBER 23, 2024** – Grand Jury returns the indictment.

2.   **JANUARY 2026** - Owens asserts in his Motion to Dismiss that he is a "diagnosed alcoholic" but provides no documentation to the government after a request.

3.   **JUNE 5, 2026** – Court's Expert disclosure deadline for Owens and all other defendants. Owens failed to provide any report from Mark Webb but stated that he would supplement his disclosure.

4.   **JUNE 12, 2026** – Government files its Motion to Exclude Owens's Experts one week after the deadline after no supplemental information was provided by Owens.

5.   **JUNE 16, 2026** - Pretrial Conference where the Court asks Owens's counsel whether they intend to provide any supplemental information on experts.  Owens's counsel asked for additional time until June 22 to supplement expert disclosures.

6.   **JUNE 22, 2026** – Owens fails to provide supplemental information from Webb.  Owens asks for more time and reveals for the first time that Webb has not even formed an opinion and that Webb is scheduled to meet with Owens on June 29.

The government recognizes that the district courts have broad discretion when deciding whether to impose sanctions for a discovery violation. *United States v. Swenson*, 894 F.3d 677, 684 (5th Cir. 2018) (internal quotation marks and citation omitted).  "If the district court decides to sanction a party, it "should impose the least severe sanction that will accomplish the desired result—prompt and full compliance with the court's discovery orders." *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000). (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. Unit B 1982)); *United States v. Swenson*, 894 F.3d 677, 684 (5th Cir. 2018). Ordinarily, this would be granting a continuance or an extension of time. Owens has already received an additional week informally from the government and an additional week formally from the Court.

In determining whether to impose sanctions, a district court considers 1) the reasons why disclosure was not made; 2) the amount of prejudice to the opposing party; 3) the feasibility of curing such prejudice with a continuance of the trial; and 4) any other relevant circumstances. *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000); *United States v. Michalik*, 5 F.4th 583, 591 (5th Cir. 2021).

Rather than grant this second formal request for additional time to provide Webb's opinion for the first time, the Court should conduct the inquiry outlined in *Garrett*.  Among other things, the Court should inquire as to when Webb was first retained to provide an expert opinion on behalf of Owens and when Webb first evaluated Owens.

For the foregoing reasons, the government asks that the Court conduct the appropriate inquiry prior to ruling on Owens's motion.

Respectfully submitted, this 24th day of June 2026.

J. E. BAXTER KRUGER
United States Attorney
Southern District of Mississippi

*/s/Herbert S. Carraway*
Herbert S. Carraway (MS Bar No.: 104163)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: bert.carraway@usdoj.gov

*/s/David H. Fulcher*
David H. Fulcher (MS Bar No.: 10179)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: dave.fulcher@usdoj.gov

*/s/Kabah S. Ealy*
Kabah S. Ealy (MS Bar No.: 101524)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: kabah.ealy@usdoj.gov

*/s/Charles W. Kirkham*
Charles W. Kirkham (MS Bar No.:102022)
501 East Court Street, Suite 4.430
Jackson, MS 39201
Tel: (601) 965-4480
Email: chet.kirkham@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this day, I electronically filed the foregoing with the Clerk of the Court

using the ECF system which sent notification to all ECF participant(s) of this record.


Dated: June 24, 2026                                 */s/ Dave Fulcher*
                                                     DAVID H. FULCHER
                                                     Assistant United States Attorney